J-S27034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY E. MAKIN | : | |
| | : | |
| Appellant | : | No. 1609 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 12, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002069-2017

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                                    FILED JULY 11, 2019

Appellant, Amy E. Makin, appeals from the aggregate judgment of
sentence of six to twelve months of confinement, which was imposed after
she pleaded guilty to the use of, or possession with intent to use, drug
paraphernalia.[1]  We affirm.

After Appellant pleaded guilty, the trial court ordered a presentence
investigation report ("PSI").  It is undisputed that, at the time of sentencing,
Appellant was 37 years old, had been convicted of driving under the influence
("DUI") six times, and had her driving privileges suspended nine times.  PSI
at 2-4; Trial Court Opinion, filed December 31, 2018, at 3.  Appellant's DUI
convictions date back to 2005, and she has previously served sentences of

_____

[1] 35 P.S. § 780-113(a)(32).

*   Retired Senior Judge assigned to the Superior Court.

probation, community supervision, and brief periods of incarceration, most recently in April 2015. PSI at 2-4. Yet, according to the PSI, Appellant "claim[ed]" to the probation officer compiling the PSI "that she has no problems with alcohol or illegal substances." Id. at 5.

During her sentencing hearing, Appellant requested a probationary sentence, but the trial court sentenced Appellant the aforementioned term of incarceration at Cambria County Prison, finding Appellant "a poor candidate for rehabilitation." N.T., 6/12/2018, at 4-5.

Following Appellant's sentencing, on June 21, 2018, Appellant filed a post-sentence motion for reconsideration of sentence, contending that the trial court failed to "consider[] her rehabilitative needs" when she was "involved in numerous programs at Indiana County Jail[2] that [we]re assisting her in rehabilitating her life." Post Sentence Motions at ¶¶ 6, 8. On October 4, 2018, the trial court denied the motion. On November 1, 2018, Appellant filed this timely direct appeal.[3]

Appellant now presents the following issue for our review:

> Whether the trial court erred/abused its discretion in sentencing [Appellant] without considering her rehabilitative needs as set

_____

[2] At the time of sentencing in the current action, Appellant was incarcerated at Indiana County Jail, awaiting sentencing on an unrelated burglary charge. N.T., 6/12/2018, at 3-4.

[3] Appellant filed her statement of errors complained of on appeal on November 28, 2018. The trial court entered its opinion on December 31, 2018.

forth in 42 Pa. C.S.[ §] 9721 (b), resulting in an excessive sentence.

Appellant's Brief at 5.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Manivannan, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), reargument denied (July 7, 2018).

In the current case, Appellant filed a timely notice of appeal and preserved the issue in a post-sentence motion, and her brief includes a concise statement pursuant to Pa.R.A.P. 2119(f), asserting the following:

this Honorable Court has found a substantial question exists where a sentencing court failed to consider a defendant's individualized circumstances in its imposition of sentence in violation of the Sentencing Code. See Commonwealth v. Ahmad, 961 A.2d 884, 887 (Pa. Super. 2008); see also Commonwealth v Coulverson, 34 A.3d 135, 143 (Pa. Super. 2011) (finding a claim that the sentencing court erred where an offender was sentenced to a 90 year statutory maximum term without regard to the offender's rehabilitative needs presented a substantial question: "Although the process by which a trial judge balances the factors and circumstances bearing on the sentence is clearly a discretionary function of the trial court, we find that the manner in which a trial judge exercises that discretion does raise a substantial question for appellate review under these circumstances.")

Appellant's Brief at 10. Although Appellant never clearly states that the trial court did not fashion an individualized sentence for this defendant and did not consider the rehabilitative needs of this defendant, we will accept that Appellant implied such an argument in her Pa.R.A.P. 2119(f) statement and thus will conclude that Appellant's brief does not have a fatal defect.

We hence turn to whether Appellant has presented a substantial question for our review.

> A defendant presents a substantial question when he [or she] sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. One of the fundamental norms in the sentencing process is that a defendant's sentence be individualized. . . . The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, Commonwealth v. Swope, 123 A.3d 333, 338 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9721), and prohibiting a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant," 42 Pa.C.S. § 9725.

Commonwealth v. Luketic, 162 A.3d 1149, 1160 (Pa. Super. 2017) (some internal citations and quotation marks omitted).

In the current action, Appellant presents a substantial question by setting forth an argument that her sentence is contrary to the fundamental norm of the sentencing process that a defendant's sentence must be individualized, because the trial court did not consider her rehabilitative needs. See Appellant's Brief at 10; Luketic, 162 A.3d at 1160. Hence, we will consider the substantive merits of Appellant's sentencing claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Lekka, 2019 PA Super 155, *8 (filed May 10, 2019) (citation omitted).

Appellant maintains that the trial court ignored "the rehabilitative factor that must be considered in sentencing a defendant" and therefore ordered "a manifestly excessive term of incarceration, under the circumstances[.]" Appellant's Brief at 11.

> Where pre-sentence reports exist, [such as here,] we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.
>
> Accordingly, where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

Commonwealth v. Conte, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citations and internal brackets and quotation marks omitted) (some additional formatting), appeal denied, No. 789 MAL 2018 (Pa. filed April 17, 2019).

After a thorough review of the record including the PSI, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Patrick T. Kiniry, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question, as follows:

> Appellant has failed on probation and community supervision in the past, has previously been incarcerated, which unsuccessfully deterred Appellant from her current criminal activity, and continues to abuse drugs and alcohol to no avail, despite previous incarcerations. . . . Because [Appellant] indicated she has abused prescriptions in the past and is a continued drug and alcohol user, rehabilitation was not considered a viable sentencing option for Appellant. While [Appellant] alleges that the [trial c]ourt erred in abusing its discretion, the [trial c]ourt respectfully submits that the sentence was arrived at with the consideration of the [PSI] and Appellant's many previous DUI's and driving suspensions.

Trial Court Opinion, filed December 31, 2018, at 3-4. Accordingly, the trial court considered Appellant's rehabilitative needs and rejected the possibility that Appellant could be rehabilitated given her history.[4] Based on the foregoing, we will not disturb the trial court's discretion, and Appellant is not entitled to relief. See Lekka, 2019 PA Super 155, *8; Conte, 198 A.3d at 1177.

Judgment of sentence affirmed.

_____

[4] To the extent Appellant could possibly be rehabilitated, there is no indication in the record that Appellant cannot receive services at Cambria County Prison comparable to those in Indiana County Jail.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/11/2019</u>