J-S34026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LAWRENCE JIM COOK :
:
Appellant : No. 1712 WDA 2018

Appeal from the Judgment of Sentence Entered April 27, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007257-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 11, 2019

Lawrence Jim Cook ("Cook") appeals from the judgment of sentence entered on April 27, 2017 in the Court of Common Pleas of Allegheny County. Cook contends that the trial court abused its discretion and imposed an excessive sentence. We affirm.

On January 18, 2017, Cook, in exchange for the withdrawal of certain counts, pled guilty to Rape, Involuntary Deviate Sexual Intercourse ("IDSI"), and Robbery.[1] These charges arose from an incident that occurred on July 11, 2015, where the victim was asking for driving directions in the early morning hours when she encountered Cook. Cook then pulled a gun on the victim and

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(a)(1), 18 Pa.C.S.A. § 3123(a)(1), and 18 Pa.C.S.A. § 3701(a)(1)(ii), respectively.

led her down an alleyway where he violently threatened, assaulted, and raped her. On April 27, 2017, following a sentencing hearing, the trial court sentenced Cook to seven to 14 years of imprisonment for Rape, seven to 14 years of imprisonment for IDSI, and five to 10 years of imprisonment for Robbery. The court ordered the sentences to run consecutively, for an aggregate sentence of 19 to 38 years' imprisonment.

On May 5, 2017, Cook filed a Motion to Withdraw Guilty Plea and a Motion to Reconsider Sentence, both of which the trial court denied on May 9, 2017. Cook did not file a direct appeal. However, Cook filed a timely Petition for Post-Conviction Relief in which he sought the reinstatement of post-sentence motion and direct appeal rights. By order dated July 31, 2018, the trial court granted Cook the relief he requested, and on August 13, 2018, Cook filed a post-sentence motion to modify his sentence. This timely appeal followed.[2]

Cook raises one issue on appeal:

> Was the sentence imposed on Mr. Cook unreasonable, manifestly excessive, contrary to the dictates of the Sentencing Code, and an abuse of discretion in that: 1) the court failed to consider prior to imposing sentence, as it must under 42 Pa.C.S. § 9721(b), Mr. Cook's history of enduring physical and emotional abuse as a child, mental illness (he was diagnosed with 6 different illnesses), his drug

---

[2] Cook's Notice of Appeal originally included three lower court docket numbers: CP-02-CR-0003696-2016, CP-02-CR-0007256-2016, and CP-02-CR-0007257-2016. Cook filed an Application to Amend the Notice of Appeal to include only the Judgment of Sentence at CP- 02-CR-0007257-2016. We granted the application, and we therefore in this appeal only address the judgment at CP-02-CR-0007257-2016.

addiction, and his need for treatment and rehabilitation, and 2) the court focused exclusively on the seriousness of the crimes, which factor was already accounted for in the offense gravity score of the guidelines?

Cook's Br. at 6.

Cook contends that his sentence was unreasonable and manifestly excessive because the trial court improperly focused only on the nature of the offenses and failed to consider all relevant sentencing factors, as required by 42 Pa. C.S.A. § 9721(b).[3] Id. at 14. Cook concedes that his sentence was within the statutory limits and the periods of incarceration fell within the standard range of the Sentencing Guidelines. Id. However, Cook contends that the trial court failed to impose an individualized sentence. Id. Cook maintains that the court overlooked his history of physical and emotional abuse as a child, his mental illnesses, his drug addiction, and his need for treatment and rehabilitation. Id. at 11. Cook argues that the court wrongly focused only on the impact on the victim to the exclusion of any other factor. Id. at 24. In addition, Cook asserts that the trial court effectively "double counted" a sentencing factor by putting intense focus on the seriousness of the crimes, which was already included in the offense gravity score. Id. at 26.

_____

[3] Section 9721(b) states, in relevant part, that in determining the sentence to be imposed, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing . . . ." 42 Pa. C.S.A. § 9721(b).

Cook's issue challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Conte, 198 A.3d 1169, 1173 (Pa.Super. 2018), pet. for allowance of appeal denied, 206 A.3d 1029 (Pa. 2019). Before reviewing the merits of Cook's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." Commonwealth v. Green, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, Cook has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Cook has raised a substantial question pursuant to the fourth requirement of the test.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010). In his statement of the reasons for allowance of appeal, Cook contends that the trial court failed to impose an individualized

sentence tailored to him and that the court failed to consider all of the relevant sentencing factors as required by 42 Pa.C.S.A. § 9721(b). We have held that the court's alleged failure to consider all relevant sentencing factors raises a substantial question. See Commonwealth v. Riggs, 63 A.3d 780, 786 (Pa.Super. 2012) (finding that appellant raised a substantial question when he argued that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as 42 Pa.C.S.A § 9721(b) requires, and instead focused on the injuries suffered by the complaining victims"); Commonwealth v. Hill, 210 A.3d 1104, 1116 (Pa.Super. 2019) (concluding that appellant "raised a substantial question, namely whether his sentence was excessive in conjunction with an assertion that the trial court failed to consider mitigating factors such as his non-violent history and difficult childhood"). Moreover, the Commonwealth concedes that Cook has raised a substantial question. Commonwealth Br. at 11-12. Thus, we will review the merits of Cook's claim.

Our standard of review concerning the discretionary aspects of sentencing is well-settled. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Edwards, 194 A.3d 625, 637 (Pa.Super. 2018), pet. for allowance of appeal denied, 202 A.3d 41 (Pa. 2019) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment

for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Id. A sentencing court has broad discretion, as it is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks and citation omitted). Furthermore, a "sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa.Super. 2010).

Here, the record reveals that in imposing Cook's sentence, the trial court considered the testimony of five members of Cook's family, including Cook's mother, as well as a letter from Cook's sister and testimony from Cook himself. Cook and his mother both testified about Cook's difficult childhood in foster care due to Cook's mother's drug addiction. Cook also testified about his various mental health diagnoses and his own drug use. Further, the court heard argument from Cook's counsel regarding Cook's childhood and mental health illnesses.

Significantly, the trial court also had the benefit of a presentence investigative report ("PSI") at the time of Cook's sentencing hearing. The trial court stated that it had reviewed the PSI at length and explained that it was imposing its sentence, in part, based on the information contained in the PSI.

N.T., 4/27/17, at 29-30. The PSI contained victim impact statements, as well as Cook's criminal, social, and mental health history. It is well-settled that "[w]here the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." Conte, 198 A.3d at 1177 (quoting Commonwealth v. Fullin, 892 A.2d 843, 849-50 (Pa.Super. 2006)). Accordingly, having been "fully informed by a pre-sentence report, a sentencing court's discretion should not be disturbed." Id. (quoting Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)).

Before announcing Cook's sentence, the trial court stated:

> Mr. Cook, I've listened to the statements of your family members who come into this courtroom to ask me to be fair and to be lenient and to have mercy on you. I've reviewed the presentence report at length and have taken everything that was said in that report into consideration with respect to your sentencing . . . . I've listened to [the Assistant District Attorney] summarize the impact that your conduct has had on individuals and families in this community, and quite frankly, I'm not sure why I should show any leniency to you.
>
> I'm looking at the presentence report, and I notice that you, as [the] Assistant District Attorney [] has indicated, have been involved in the criminal justice system since you were 13 years old and that your crimes have ranged from shoplifting, Vehicle Code violations, car theft, drug law violations, resisting arrest, obstruction, battery, firearms violations, DUI, fleeing from police, reckless endangerment. Probably the most telling thing in this report is that nobody believes that imprisonment or community supervision have deterred or rehabilitated you to date. And while I take no joy in sending anybody to prison or jail, clearly, I would not

be doing my duty to society in general but, more important, to these individuals whose lives you ruined forever. And I am appreciative that you took responsibility and came to this court and pled guilty to the charges and admitted the acts for which you have been charged with, but at the end of the day, while I feel badly for your family members and have taken into consideration their requests for leniency and fairness, I owe it to the victims and to the community to make sure that these crimes and conduct never happen again.

N.T., 4/27/17, at 29-30.

Based on the foregoing, it is evident that the trial court considered all of the relevant sentencing factors, including testimony from Cook and his family, the victim impact statements, the information contained within the PSI, the seriousness of the crime, the need to protect the public, and Cook's need for rehabilitation. Therefore, Cook's claim that the court failed to consider his difficult childhood, his mental illnesses, his drug addiction, and his need for rehabilitation is without merit. Further, the record is devoid of any evidence that the trial court "double-counted" the seriousness of the crime as a sentencing factor, and Cook does not provide any citation to the record where the court counted any sentencing factor twice. Accordingly, we discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/2019</u>