J-A21005-18

2018 PA Super 299

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN CONTE | : | |
| | : | |
| Appellant | : | No. 3879 EDA 2017 |

Appeal from the Judgment of Sentence June 20, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000403-2016

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

OPINION BY PANELLA, J.                    **FILED NOVEMBER 01, 2018**

Before the Court is the appeal of John Conte from his conviction of Endangering the Welfare of Children, 18 Pa.C.S.A. § 4304. We affirm.

The first stage of this criminal prosecution was in January 2016 when the Pocono Mountain Regional Police interviewed M.C.B., then 29 years old, about an alleged sexual assault and rape that she said occurred when she was a minor.  M.C.B. related to the police that starting when she was 4 or 5 years old, her father, John Conte (hereinafter "Conte" or "Appellant"), raped and assaulted her on several occasions.  During that time period, she was living with her mother and Conte, as well as siblings. Although she could not specify the exact dates of the attacks, she believed they occurred when she was between the ages of 4 and 8 years old.

On January 29, 2016, a Criminal Complaint was filed against Conte

charging him with multiple counts of Rape[1], Involuntary Deviate Sexual Intercourse[2], Aggravated Indecent Assault[3], all as felonies, and Endangering the Welfare of Children and two other misdemeanor charges.

There were a number of pretrial matters, which were addressed by the trial court. A jury trial was held in March 2017. At the multi-day trial, M.C.B. testified, as did her mother and brothers. A number of other family members also testified for the prosecution. On the defense side, Conte and his current wife testified, as well as other family members and friends.

As well-stated by Conte in his Appellate Brief, the testimony at trial painted an amazingly different picture of the Conte household during the era in which M.C.B. testified about the sexual assaults. "Specifically, M.C.B.'s part of the family, centered around her mother Rose, painted Conte as a cruel, vindictive, and violent man who harbored no dispute in the house, and regularly meted out physical punishment on Rose and the children, with the exception of M.C.B. who he treated as a princess." Appellant's Brief at 8. The defense witnesses portrayed Conte in a very different light. Although they testified that discipline was applied, the household was warm and often the place of welcoming visits from family and friends.

At the conclusion of the trial, Conte was convicted of the single charge of Endangering the Welfare of Children. A pre-sentence investigation report

---

[1] 18 Pa.C.S.A. § 3121(a).
[2] 18 Pa.C.S.A. § 3123(a).
[3] 18 Pa.C.S.A. § 3125(a).

was prepared and submitted to the trial court. Sentencing occurred on June 20, 2017; Conte was sentenced to the statutory maximum of thirty to sixty months' incarceration. Conte filed a Motion to Reconsider Sentence and Post-Trial Motions, which were denied on November 21, 2017, following a hearing.

Our review of Appellant's first issue on appeal reveals that he is challenging the discretionary aspects of his sentence. Preliminarily, we note that issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005); Pa.R.A.P. 302(a). In the present case, Conte timely filed a motion for reconsideration of sentence in which he argued that the sentence he received was excessive and inappropriate. *See* Motion to Reconsider Sentence and Post-Trial Motions, filed 6/29/17. As such, we find Appellant's motion for reconsideration of sentence preserved the claims now raised on appeal. *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

- 3 -

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Horning*, 2018 WL 3372367 at *5, \_\_\_ A.3d \_\_\_ (Pa. Super. 2018) (citation omitted).

Although Conte contested his sentence in the trial court by way of a motion for reconsideration, and timely filed an appeal, he has failed to provide a Rule 2119(f) statement in his brief. Pa.R.A.P. 2119(f) provides:

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter *shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence*. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119 (emphasis added). The Commonwealth, however, has not objected to this violation of our Rules of Appellate Procedure. "Although, in the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f), we need not do so." *Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa.Super. 2005) (citation omitted). Conte challenged his sentence in the trial court, filed a supporting brief, and has fully briefed this issue in this Court. In light of the detailed arguments presented by the defense in support of Conte's position, the absence of a Rule 2119(f) statement in the present case does not

significantly hamper our ability to review Conte's argument; therefore, we will address his claim on the merits. *See Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa. Super. 2006).[4]

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (internal quotations and citation omitted). We must make this decision on a case-by-case basis. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012).

Conte asserts that the trial court abused its discretion when it imposed an excessive sentence by ignoring the acquittals determined by the jury on the majority of the charges, and when it focused exclusively on the gravity of the offense in fashioning the sentence imposed. These two challenges present substantial questions for our review. *See Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (holding contention that trial court considered allegations of offenses for which defendant was not found guilty raised a substantial question); *Commonwealth v. Rossetti*, 863 A.2d 1185, 1194

---

[4] Additionally, Appellant's brief does not comply with Pa.R.A.P. 2111(b), which requires the opinion from the trial court to be appended to the brief of the appellant. Neither the trial court opinion and order dated November 21, 2017, nor the trial court statement pursuant to Rule 1925(a) dated January 11, 2018, were attached to Appellant's brief.

(Pa. Super. 2004) (holding failure of sentencing court to consider specified factors other than gravity of offense raises a substantial question).

Conte also faults the trial court for relying upon the testimony of M.C.B., her mother and her siblings at the time of sentencing instead of giving credit to the testimony of Conte and his witnesses. In **Commonwealth v. Felmlee**, 828 A.2d 1105 (Pa. Super. 2003) (*en banc*), the appellant complained that the sentencing court sentenced him in the aggravated range without adequate consideration of the mitigating factors he presented. This was found to have raised a substantial question. **Id**. at 1107. Therefore, we find this additional challenge to be properly before us, because in essence, Conte is arguing that the trial court did not consider the pleas of mitigation given by his witnesses at the time of sentencing, i.e., that he was a good father and husband.

As stated, prior to sentencing, a pre-sentence investigation report was prepared. The standard range for the charge of Endangering the Welfare of Children, a misdemeanor of the first degree, was RS to 6 months' incarceration, with an upward enhancement of three months for the aggravated range.

At sentencing, the following witnesses appeared on behalf of the Appellant: Vivian Conte, Appellant's current wife; Pat Cummings, a family friend; Daniel Conte, Appellant's son; Crystal Conte, Vivian Conte's daughter; and finally, Appellant himself. N.T. Sentencing, 6/20/17, at 7–10. Counsel for Appellant, referring to the supportive statements by many of the Appellant's family members, requested a probationary sentence. Conte exercised his

right of allocution, but largely failed to address the assaults claimed by M.C.B.: "I really don't know why I'm here today." *Id*. at 9.

The prosecution presented the testimony of Conte's former wife, Rose Asbury, who is M.C.B.'s mother; Justin Deutsch, Rose Asbury's son; Anthony Conte, Appellant's son; and M.C.B., Appellant's daughter and the victim in this case. *Id*. at 13–42. Counsel for the Commonwealth, referring to the horrendous conduct attributed to Conte by these family members, recommended the imposition of the maximum penalty of two and a half years to five years' incarceration.

Conte argues that the sentence imposed was excessive and inappropriate given the particular circumstances of this case. Conte emphasizes he was acquitted of the most serious charges and found guilty of only one charge, Endangering the Welfare of Children, which he classifies as a "relatively insignificant misdemeanor." Appellant's Brief at 18.

The trial court began by referring to the pre-sentence investigation. N.T. Sentencing, 6/20/17, at 50. The trial court noted that it had sat through the entire trial and "heard all of the witnesses' testimony and the evidence that was presented here." *Id*. The trial court found Conte responsible for the disharmony of the family. *Id*. at 51. Although the trial court showed respect for the jury's verdict, it found Conte accountable for the lifetime of pain suffered by M.C.B. The trial court also rejected Conte's contention that the Endangerment conviction had to be unrelated to the testimony of M.C.B. After

demonstrating that it had given the witnesses and arguments of counsel proper consideration, the trial court stated in a compelling fashion:

> [T]he impact on [M.C.B.] was significant. She suffered anxiety, depression, nightmares, eating disorders, self-mutilation.
>
> We've heard that she's had two suicide attempts, unable to have normal healthy sexual relations in her life, unable to trust people, unable to handle certain social situations.
>
> She suffers from . . . certain sounds and sights. And those are all real. I see them, and I don't think they're made up. I don't think this is some ruse that Rose Asbury put [M.C.B.] up to put you in this position. You endangered her welfare. There's no doubt about that, and that's what the jury found you guilty of.
>
> I certainly think there are compelling facts in this case which make a departure sentence more appropriate than just the guideline sentence in this case.
>
> You're having the complete lack of remorse. You certainly lack any empathy for your daughter. In fact, you don't call these children your children anymore; you've disowned them. It is what they set forth in the presentence investigation report. The impact has been great on [M.C.B.]. The impact has been great on Rose. Your two sons who live with this guilt that they couldn't protect their little sister, and they've been affected as well.
>
> You blame others for the situation you're in. You blame Rose that she brainwashed the kids, and that she's the one what caused all of this. It's certainly a disturbing situation, and one that I believe warrants a sentence over and above that set forth in the guidelines.

*Id*. at 53–54.

Conte focuses his argument that the sentence is unreasonable by arguing that it is contrary to the verdict of the jury. He first emphasizes the trial court's reliance on the victim's testimony about the sexual assaults belies

the jury's verdicts, which found him not guilty of the sexual violence crimes.

Therefore, Conte challenges the discretionary aspects of the sentence.

In its Opinion which denied the motion to reconsider sentence, the trial court explained the sentence pronounced on June 20, 2017:

> This Court had the benefit of sitting through the entire trial, including all pre-trial motions filed by the parties. We heard all of the evidence and we were able to observe the demeanor of the witnesses, including [Appellant]. We had the benefit of a PSI report and we listened to all of those who spoke at sentencing, including [M.C.B.] and those in support of [Appellant].
>
> Pursuant to 42 Pa.C.S.A. § 9721(b), we imposed a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of [M.C.B.] and on the community as well as the rehabilitative needs of the [Appellant]. We set forth, on the record, our reasons for the sentence we imposed on [Appellant]. Specifically, we recognized that [Appellant's] conduct caused a great deal of strife within the family, a family now divided. Although [Appellant] would like to minimize his role, we listened to several days of testimony and we believe the responsibility for the chasm in this family lies with [Appellant] and his actions.
>
> We found the testimony of [M.C.B.] to be compelling and although the Commonwealth did not meet its burden of beyond a reasonable doubt on the most serious charges, we cannot say that the jury did not find [M.C.B.'s] testimony just as compelling. We expressed our concern with what would be the proper punishment of [Appellant], however, we were concerned with the struggles [M.C.B.] has endured and will continue to undergo. [Appellant] was in a position of trust, being [M.C.B.'s] father; however [Appellant] continues to place the blame on [M.C.B.'s] mother, Rose, for the charges in this case.
>
> In deviating from the guidelines, we imposed the sentence on [Appellant] which we believe is warranted under 42 Pa.C.S.A. § 9721(b). We also considered that [Appellant] has a complete lack of remorse or empathy for [M.C.B.] [Appellant] has effectively disowned [his] children from his marriage to Rose, which is set forth in the PSI. In that light, we find that [Appellant]

- 9 -

has failed to advance a substantial question and we are satisfied that we sentenced [Appellant] appropriately.

Trial Court Opinion, filed 11/22/17, at 5-6.

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant…." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted). Furthermore, a trial court has discretion when it sentences a defendant:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2015) (citations omitted).

A judge's statement of the reasons for imposing a particular sentence "must clearly show that he has given individualized consideration to the character of the defendant." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1187 (Pa. Super. 2001) (citation omitted). In addition:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers

are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Accordingly, "[w]here the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Fullin*, 892 A.2d at 849–50.

We find that the factors which led to the maximum sentence were legal considerations, that the reasons for the sentence were aptly stated on the record. As mentioned by the trial court in its opinion, it had the benefit of sitting through the entire trial and observing the presentation and demeanor of the witnesses, including Appellant. The sentencing court is in a superior position to "review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa. Super. 2005) (citation omitted). "Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

Under the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess

whether the sentencing court imposed a sentence that is "unreasonable." 42 Pa.C.S.A. § 9781(c)(3). There are no concrete rules as to the unreasonableness review for a sentence that falls outside of the guidelines. *See Walls*, 926 A.2d at 964.

In this case, we find that the trial court properly considered the nature and circumstances of the offense for which Conte was convicted, recognized the background that led to Conte's criminal conduct against M.C.B., the basis of the behavior attributable to him by M.C.B. and other family members, and the circumstances in which they occurred. The trial court also took into account the history and characteristics of Conte, specifically noting that Conte demonstrated no remorse for the emotional trauma suffered by his daughter, the victim. The trial court acknowledged that it had observed Conte through the numerous court proceedings and gave due consideration to the information in the presentence report.

After making findings, supported by the record, that Conte was responsible for the suffering that still haunts M.C.B., the trial court decided to depart from the guidelines. N.T. Sentencing, 6/20/17, at 53. Specifically, the sentencing court pointed to M.C.B.'s age at the time of the incidents that she reported, that she has suffered throughout her entire childhood and most of her adult life, that this has separated the family with some siblings siding with M.C.B. and others with Conte, and that Conte was in a parental position of trust when this occurred.

An additional argument raised by Conte in contesting the sentence is that it is doubtful the Endangerment charge was based on conduct with his daughter, M.C.B., because the evidence regarding his daughter was mainly in relation to rape and involuntary deviate sexual intercourse, for which he was found not guilty. Instead, he points to the evidence presented by the Commonwealth in relation to T.F. which he contends would satisfy the Endangerment charge. At trial, testimony presented by the Commonwealth included that Conte once forced this other girl, T.F., who was a minor at the time, to touch him on his penis, over the top of his clothes. Conte references the questions asked by the jury during deliberations, which, in his opinion, seem to indicate that the Endangerment charge was based upon this incident involving T.F., and not his daughter. In the alternative, Conte also argues that the Endangerment conviction may have been in relation to testimony that he permitted a "known pedophile" into his home with access to his children.[5]

The developments at trial, however, do not support Conte's arguments. The trial court specifically instructed the jury that all of the charges were based upon conduct perpetrated by Conte against his daughter, M.C.B. Furthermore, following the testimony of T.F., the trial court gave the jury the instruction on

---

[5] At trial, there was testimony that Conte permitted Leo Deutsch, the brother of Rose Asbury, to visit the home. It was known to Conte that Leo Deutsch was a convicted pedophile. Therefore, Conte contends that the Endangerment charge could have been tied into this testimony which showed that Conte exposed the children to a known child abuser.

Pa.R.E. 404(b) evidence. In this regard, the trial court specifically advised the jury that the testimony of T.F. was admitted to show the general environment in the Conte household, and other purposes listed in Rule 404(b), and not to prove the elements of the charges filed against Conte.[6]  The jury was specifically told that it were not permitted to use the testimony of T.F. to infer guilt upon Conte. The law presumes the jury will follow the instructions of the court. **See Commonwealth v. Brown**, 786 A.2d 961, 971 (Pa. 2001).

Accordingly, we find that the trial court took into account the general standards for sentencing in 42 Pa.C.S.A. § 9721(b). Because the trial court took a reasoned approach and sentenced Conte after taking into account multiple factors, we discern no abuse of discretion.

We next consider Conte's claim that the "prior bad acts" evidence, presented to the jury by the testimony of T.F., should not have been admitted because it was "inflammatory and prejudicial." Appellant's Brief at 32.

On March 1, 2017, the Commonwealth filed notice of its intent to introduce evidence pursuant to Pa.R.E. 404(b) through the following testimony: "improper sexual advances towards T.F." Commonwealth's Supplemental Notice of 404B, 3/1/17. On March 16, 2017, Conte filed a motion *in limine* requesting that the court not permit the admission of this evidence because:

---

[6] The certified record indicates that the trial court, defense counsel, and the prosecutor all told the jury that the criminal charges in this case were all based on conduct perpetrated by Conte on his daughter, M.C.B. **See** N.T. Trial, 3/23/17, at 232, 265, 306, 309; 3/24/17, at 17.

4. Any and all such testimony would be severely prejudicial to [Appellant]

5. Such testimony would have little or no probative value for the jury other than to inflame them against [Appellant] for actions which have nothing to do with the charges against him.

6. Charges of alleged sexual misconduct involving others is specifically inappropriate as it leads a jury to convict someone based on cumulative evidence rather than the evidence of the actions in front of them for trial.

. . .

9. Such testimony is totally irrelevant to the case at hand.

Motions in Limine, 3-16-17 at 1-2. The trial court conducted a hearing on March 16, 2017, and ordered that the issues concerning the Rule 404(b) evidence were taken under advisement and would be ruled upon by the court at the time of trial. The gist of the testimony by T.F. was that Conte had asked T.F. to join him in his car and had placed T.F.'s hand over this pants on his penis. **See** N.T. Trial, 3/23/17, at 159. T.F. was an acquaintance of Conte's children. **See id**. at 154.

At a conference held prior to trial, the trial court expressed its hesitancy in admitting the testimony of T.F. In light of this, the Commonwealth indicated that it would not call T.F. in its case-in-chief. **See id**., 3/21/17, at 20-21. However, the Commonwealth decided to call T.F as a rebuttal witness and requested permission from the trial court to call T.F. after the defense had rested.

The Commonwealth argued to the trial court that the testimony of T.F. was needed on rebuttal to assist the jury in clearing up any confusion in the

testimony about the identity of the assailant of M.C.B. and to rebut some of the testimony presented on the defense side. *Id*., 3/22/17, at 99-100, 3/23/17, at 151. "Common scheme, plan or design" are exceptions specifically listed in Rule 404(b). Furthermore, the Pennsylvania Supreme Court "has also recognized the *res gestae* exception," which permits the admission of evidence of other crimes or bad acts to "tell the complete story." ***Commonwealth v. Hairston***, 84 A.3d 657, 665 (Pa. 2014) (internal quotations and citation omitted). Although the defense objected to the proposed testimony of T.F, the trial court determined that the defense had opened the door to this testimony and ruled that it was admissible. N.T. Trial, 3/23/17, at 151.

T.F. then testified as a rebuttal witness that when she was younger than sixteen years old, Conte pulled up in front of her house with his car when she was playing in her yard and called her over. *Id*. at 158-159. He asked her to get into his car. When she did, he took her hand and placed it over the top of his clothes over his penis. *Id*. at 159, 167-168.

Following Conte's conviction, the defense raised the issue of the admission of T.F.'s testimony in its Motion to Reconsider Sentence and Post-Trial Motions, and the Concise Statement of Matters Complained Of On Appeal. Therefore this issue is properly before us on appeal.

Pennsylvania Rule of Evidence 404 provides, in pertinent part:

(b) Crimes, Wrongs or Other Acts.

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that

on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b). As stated above, the Commonwealth provided the notice as required under subsection (b)(3) of Rule 404.

It is well-settled that,

[o]n appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Aikens*, 990 A.2d 1181, 1184–85 (Pa.Super. 2010) (internal quotations and citations omitted).

In accordance with Rule 404(b)(1), evidence of prior bad acts or criminal activity unrelated to the crimes at issue is generally inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. *See Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988). However, it is well settled that evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity,

intent, preparation, plan, knowledge, identity, and absence of mistake or accident. See Rule 404(b)(2). "In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact." ***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009) (citation omitted). Further, the evidence may also be admissible "to impeach the credibility of a testifying defendant." ***Commonwealth v. Reid****,* 811 A.2d 530, 550 (Pa. 2002) (citation omitted).

The trial court had the benefit of the pre-trial hearing and the arguments of counsel prior to permitting the admission T.F.'s testimony on rebuttal. The trial court thoroughly reviewed and properly addressed the Rule 404 evidence at trial. This testimony was offered in rebuttal to the defense testimony that Conte had never been inappropriate to M.C.B., her cousin, A.M.D., or any other child.

We find no abuse of discretion in this regard. The bad acts evidence of which Conte complains was not inflammatory, not graphic, and not extensive. Furthermore, the trial court gave an appropriate Rule 404 jury instruction. The instruction explained that the evidence was for a limited purpose, "tending to show the general environment in the Conte household and familial relationships between the witnesses - - of the witnesses and Mr. Conte . . . ." N.T. Trial, 3/24/17, at 4, 18. The trial court also instructed the jury that they could consider the testimony of T.F. as evidence of a common scheme, plan

or to show proof of identity in light of the similarities of the assaults on T.F., A.M.D., and M.C.B. *See id*. The trial court specifically told the jury that they were not to regard the testimony of T.F. as "showing that the Defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt." *Id*.

In his closing argument, counsel for the Commonwealth reminded the jury that Conte was on trial for the conduct toward M.C.B., but argued that the testimony showed similarities with the testimony of Conte's actions toward T.F. and A.M.D. *See* N.T. Trial, 3/23/17, at 306.

Evidence will not be prohibited merely because it is harmful to the defendant. "[E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based on something other than the legal propositions relevant to the case." *Commonwealth v. Talbert*, 129 A.3d 536, 539 (Pa. Super. 2015) (citation omitted). Although at times the jury is presented with unpleasant facts, "[t]he trial court is not required to sanitize the trial to eliminate all unpleasant facts . . . ." *Hairston*, 84 A.3d at 666 (citation omitted).

Although evidence of Conte's actions with T.F. certainly painted Conte in a bad light, we conclude the trial court did not abuse its discretion in finding it was not unduly prejudicial against Conte.

Conte raised two other issues in the Concise Statement of Matters Complained Of On Appeal and the Docketing Statement: whether the trial

court erred (1) in allowing the testimony of A.L., who also testified to inappropriate contact with Conte, and (2) in denying the defense request for a taint hearing to test the competency of M.C.B. These issues were not addressed in Appellant's Brief and are therefore waived. ***See Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (holding issues not properly raised and developed in briefs are waived on appeal). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/18