J-A11030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :       PENNSYLVANIA
  :
      v.   :
  :
  :
  :
JOSHUA NATHANIAL DUDLEY   :
  :
      Appellant   :   No. 1850 MDA 2019

Appeal from the Judgment of Sentence Entered September 19, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002007-2019

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:           **FILED AUGUST 27, 2020**

Joshua Dudley appeals from the judgment of sentence entered on September 19, 2019. Dudley contends that the trial court imposed an excessive sentence. We affirm.

The trial court summarized the facts as follows:

> On February 25, 2019, Capitol Police were dispatched to 322 Market Street, the Market on Market. Dispatch advised that Harristown Security was watching on camera three males, including [Dudley], break a side window and enter into the store using a brick. They then stole a number of items and fled the store. Capitol Police were able to catch up to them and detain them. A search incident to arrest revealed a large amount of cash and packs of cigarettes in their pockets.
>
> The store owner and victim, Navtaj Grewal, confirmed that the money, cash registers, and cigarettes were taken from the store during this incident.

---

[*] Former Justice specially assigned to the Superior Court.

Trial Court Opinion, filed January 9, 2020, at 2 (internal citations omitted).

On July 10, 2019, Dudley pled guilty to burglary, criminal trespass, conspiracy to commit burglary, corruption of minors, and criminal mischief.[1] The court sentenced him to one and a half to three years' incarceration, with eligibility for boot camp, and two years of state probation. Dudley filed a post-sentence motion, which the trial court denied. This timely appeal followed.[2] Dudley has raised one issue for our review:

> Whether the imposition of an aggregate sentence of [one and one-half to three years'] incarceration was excessive given the circumstances of [Dudley] when the sentence imposed at count one (1) exceeded the standard sentencing guideline range by two (2) months, was an abuse of discretion and manifestly unreasonable as the gravity of the offense was already taken into consideration by the grading of the offense and the attendant [offense gravity score] applied to the offense was contrary to the fundamental norms underlying the sentencing process, where more emphasis was placed on the incident than on the rehabilitative needs of [Dudley], and failed to account for mitigating factors including [Dudley's] age and mental health issues?

Dudley's Br. at 4 (unpaginated) (unnecessary capitalization omitted).

---

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(i), 903, 6301(a)(1)(i), and 3304(a)(5), respectively.

[2] Dudley stated in his notices of appeal that he was appealing from the order denying his post-sentence motion. However, the appeal properly lies from the judgment of sentence imposed on September 19, 2019, and we have amended the caption accordingly. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410, n.2 (Pa.Super. 2001) (*en banc*) (correcting the caption when appellant misstates where the appeal lies).

Dudley challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). Before reviewing the merits of Dudley's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019); ***see also*** Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Instantly, Dudley has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Dudley has raised a substantial question.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Moury***, 992

A.2d 162, 170 (Pa.Super. 2010). Dudley's Pa.R.A.P. 2119(f) statement asserts that the sentencing court imposed an unreasonable sentence by sentencing him outside of the sentencing guidelines and placing more emphasis on the nature of the offenses than on his rehabilitative needs. Dudley's Br. at 7 (unpaginated). Such a claim raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating that a substantial question is raised where appellant claims the sentencing court imposed an aggravated range sentence without considering mitigating circumstances); **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa.Super. 2012) (finding that appellant raised a substantial question when he argued that "the trial court failed to consider relevant sentencing criteria, including . . . the rehabilitative needs of [a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires"). Thus, we proceed to the merits of Dudley's claim.

Dudley contends that his sentence was excessive and constituted an abuse of discretion because the court gave little consideration to his character, background, and history, or to the minimum sentence necessary for the protection of the public. He further maintains that the court based his sentence "solely on the negative aspects of the offense without giving proper weight to his background and character," and the sentence does not reflect the requisite consideration for beginning Dudley's rehabilitation. Dudley's Br. at 9 (unpaginated). He also argues "the trial court failed to state sufficient reasons for the aggravated range sentence especially when [Dudley] had approximately seven (7) months' time credit from February 25, 2019 to

September 19, 2019 towards his sentence and would ultimately lose his mental health services." ***Id.*** at 9-10 (unpaginated).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018), *appeal denied*, 202 A.3d 41 (Pa. 2019) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

The sentencing court must state its reasons for the sentence on the record. ***Id.*** "A sentencing court's indication that it has reviewed a presentence report can satisfy the requirement of placing reasons for imposing the sentence on the record." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citing ***Commonwealth v. Burns***, 765 A.2d 1144, 1151 (Pa.Super. 2000)). Indeed, "where the trial court is informed by a [presentence] report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Id.*** (quoting ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa.Super. 2009)); ***see***

*also Moury*, 992 A.2d at 171 (stating "[w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (quotation marks and citation omitted). Additionally, "this Court should not reweigh the proper sentencing factors considered by the trial court and impose our own judgment in the place of the trial court." *Commonwealth v. Peck*, 202 A.3d 739, 747 (Pa.Super. 2019).

In the instant case, the trial court was informed of a presentence report and it was made a part of the record during sentencing. N.T., 9/19/19, at 6. Therefore, we presume that the trial court was aware of all appropriate sentencing factors and considerations, including Dudley's character, rehabilitative needs, and mitigating factors such as Dudley's age and mental health issues, at the time of sentencing. **See Bullock**, 170 A.3d at 1126-1127. Further, the court specifically noted on the record Dudley's young age and his history of recidivism in that he had two felony convictions for burglary. N.T., 9/19/19, at 6. The court also considered Dudley's mental health issues of anxiety and bipolar disorder and ordered Dudley to continue his mental health treatment within the state prison system. *Id.* at 5, 9.

Based on the foregoing, it is evident that the trial court considered all of the relevant sentencing factors, including the information contained within the presentence report, the seriousness of the crime, the need to protect the

public, and Dudley's need for rehabilitation. Accordingly, we discern no abuse of discretion by the trial court and Dudley's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2020