J-S32011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA FREDERICK WESTOVER | : | |
| | : | |
| Appellant | : | No. 2851 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 14, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002568-2018

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: Filed: January 13, 2021

Appellant, Dana Frederick Westover, appeals from the judgment of sentence of 48 to 96 months, which was imposed after he pleaded guilty to aggravated indecent assault.[1] On appeal, Appellant challenges the discretionary aspects of his sentence and the constitutionality of his classification as a Tier III sex offender under the Sex Offender Registration and Notification Act ("SORNA").[2] After careful review, we vacate the order

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant pleaded guilty to 18 Pa.C.S. § 3125(a)(8), requiring that "the complainant is less than 16 years of age"; specifically, the victim in the current appeal was 13 years of age.

[2] SORNA, 42 Pa.C.S. §§ 9799.10-9799.42, classifies offenders and their offenses into three tiers. *Id.* § 9799.14. Those convicted of Tier III offenses are subject to lifetime registration, are required to verify their registration

denying his post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed below. We affirm in all other respects.

Appellant pleaded guilty on February 27, 2019, and the trial court delayed sentencing for a pre-sentence investigation ("PSI") report and a report from Sexual Offenders Assessment Board ("SOAB").

> Prior to being sentenced, Appellant filed a "Motion to Declare SORNA Unconstitutional and Preclude Sex Offender Registration," wherein he requested, *inter alia,* that th[e trial c]ourt not conduct a Sexually Violent Predator ("SVP") hearing, as same violated his constitutional rights. [The trial court] granted Appellant's Motion in part . . . and declined to hold an SVP hearing. All other aspects of Appellant's Motion were denied without prejudice for Appellant to raise same post-sentence.

Trial Court Opinion, dated October 21, 2019, at 1-2.

At Appellant's sentencing on May 14, 2019, Appellant's counsel informed the trial court the Appellant "was actually the victim of sexual abuse himself[,] [has] had no disciplinary issues in jail[,]" and "enroll[ed] in counseling voluntarily and has been a positive contributor to the group[.]" N.T., 5/14/2019, at 4. The victim's father testified that the victim "went from being an A, B student to failing. [His] daughter started doing drugs because of this. She's having sex at 14 years old because of this." *Id.* at 7. At the conclusion of the hearing, the trial court acknowledged that Appellant "has a zero prior record score, that at least by the accounts in the PSI [report,] he was the

---

information, and "shall appear quarterly" to be photographed at an approved registration site. *Id.* § 9799.15(a)(3), (e)(3).

- 2 -

victim of sexual abuse by both his biological [mother] and stepmother." *Id.*

at 10. It also observed that Appellant "appears to exhibit remorse." However,

the trial court noted its "concern[]" that Appellant has placed "the blame on

the victim" and "justifi[ed]" his actions to a degree that the trial court found

"disturbing." *Id.* The trial court stated that the SOAB report found Appellant

to have an "antisocial personality disorder and disregard for . . . and violations

of the rights of others." *Id.*

> Appellant was sentenced to a period of incarceration of not less than 48 months nor more than 96 months.[3] Appellant is classified as a Tier III Sex Offender and is subject to lifetime registration requirements . . . Appellant was notified of his Sex Offender Registration classification and requirements at sentencing. On May 22, 2019, Appellant filed timely "Post Sentence Motions." Appellant filed a "Motion to Reconsider Sentence" and a motion challenging the constitutionality of SORNA as applied to Appellant.

Trial Court Opinion, dated October 21, 2019, at 2. In the latter motion,

Appellant pleaded:

> 4. On July 19, 2017, in **Com**[**monwealth**] **v. Muniz**, [164 A.3d 1189 (Pa. 2017) (plurality)], the Pennsylvania Supreme Court issued an opinion indicating for the first time that SORNA is punishment that violates both the Federal and Pennsylvania Ex Post Facto Clauses.
>
> 5. On February 21, 2018, the statute was subsequently amended.

---

[3] This sentence falls within the aggravated range of the sentencing guidelines. Trial Court Opinion, dated October 21, 2019, at 4.

6.     The amendments do not so substantially alter the nature or character of the requirements of SORNA such that it is non-punitive or that its constitutionality has changed. . . .

14.     SORNA denies [Appellant] Due Process under Article 1 and 11 [*sic*] of the Pennsylvania Constitution[4] because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses"[5] depriving those individuals of the fundamental right to reputation. . . .

18.     SORNA constitutes criminal punishment and therefore violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence.

Post-sentence Motions, 5/22/2019, at ¶¶ 4-6, 14, 18.  "On May 31, 2019, th[e

Court of Common Pleas of Monroe County] sat *en banc* . . . to hear Appellant's

---

[4] According to Article I, Sections 1 and 11 of the Pennsylvania Constitution:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and **reputation**, and of pursuing their own happiness. . . .

All courts shall be open; and every man for an injury done him in his lands, goods, person or **reputation** shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

PA. CONST. art. I, §§ 1, 11 (emphasis added).  These explicit references to "reputation" in the Pennsylvania Constitution have provided the basis for our appellate courts to regard reputation "as a fundamental interest which cannot be abridged without compliance with constitutional standards of due process and equal protection." ***Commonwealth v. Mickley***, 240 A.3d 957, 962 n.7 (Pa. Super. 2020) (quoting ***R. v. Commonwealth of Pennsylvania, Department of Public Welfare***, 636 A.2d 142, 149 (Pa. 1994)).

[5] SORNA's legislative findings state:  "Sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest."  42 Pa.C.S.

- 4 -

SORNA challenge together with a number of other defendants who had likewise challenged SORNA's constitutionality." Trial Court Opinion, dated October 21, 2019, at 2. At the hearing, Appellant's counsel argued that SORNA violated due process by creating a rebuttable presumption that a sex offender is likely to reoffend. *Id.* at 20. The panel and counsel discussed scientific studies about the rate of recidivism amongst sexual offenders compared to other criminals, but the studies themselves were never introduced into evidence. *Id.* at 20-21, 26-27. "By Order *en banc*, Appellant's post-sentence motion regarding SORNA was denied on July 18, 2019." Trial Court Opinion, dated October 21, 2019, at 2.

On August 16, 2019, Appellant's counsel filed a premature notice of appeal, as Appellant's motion for reconsideration of sentence remained pending. On August 30, 2019, the trial court denied his reconsideration motion. On September 10, 2019, Appellant's counsel filed a statement of errors complained of on appeal. On September 27, 2019, Appellant's counsel filed another, timely notice of appeal. On October 7, 2019, Appellant's counsel re-filed his statement of errors complained of on appeal.[6]

Appellant now presents the following issues for our review:

1.    Whether the [trial] court erred when it sentenced [Appellant] with a 0 prior record score to an aggravated range sentence of 48 to 96 months when mitigating factors existed?

2.    Whether the [trial] court erred when it found that SORNA does not deny the Appellant due process under Articles 1 and 11

_____

[6] On October 21, 2019, the trial court entered its opinion.

[*sic*] of the Pennsylvania Constitution because it creates an irrebuttable presumption[ ]that those convicted of the enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of the fundamental right to reputation?

3. Whether the [trial] court erred when it found that SORNA does not deny [Appellant] procedural due process under Article 11 [*sic*] of the Pennsylvania Constitution because it unlawfully impinges on the right to reputation without notice and an opportunity to be heard?

4. Whether the [trial] court erred when it found that SORNA does not deny the Appellant procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

5. Whether the [trial] court erred when it found that SORNA does not violate substantive due process under the Pennsylvania and federal constitutions, U.S. Const. Amend. XIV, Pa. Const. Art. I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

6. Whether the [trial] court erred when it found that SORNA does not constitute criminal punishment and [therefore] violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

7. Whether the [trial] court erred when it found that SORNA does not contravene the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because as a criminal punishment, SORNA cannot be [imposed] without due process, notice, and opportunity to [contest] its imposition, and ensuring that each fact necessary to support the mandatory sentence is submitted to a jury and proven beyond a reasonable doubt pursuant to **Apprendi v. New Jersey**, 530 U.S. 266 (2000) and **Alleyne v. United States**, 1570 U.S. 99 (2013)?

8. Whether the [trial] court erred when it found that SORNA does not constitute criminal penalties and therefore the imposition of mandatory lifetime sex offender registration for nearly all of Tier III offenses is not cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments[ ]to the United States

Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Appellant's Brief at 8-10 (suggested answers and unnecessary capitalization omitted).

## Sentencing

First, Appellant challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 16-17. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." **Manivannan**, 186 A.3d at 489 (quotation marks and some citations omitted).

In his Rule 2119(f) Statement, Appellant contends that the trial court abused its discretion in imposing sentence, because the trial court "did not consider any mitigating factors" and "focused on the seriousness of the crime without also considering other relevant criteria." Appellant's Brief at 17.

Although Appellant's claim that the trial court failed to consider mitigating factors generally would not raise a substantial question, **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citing **Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999) ("allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question"), he has coupled this assertion with a claim that the trial court only considered the serious nature of his offense, thereby ignoring all other factors including mitigating ones, which does raise a substantial question. **Commonwealth v. Bricker**, 41 A.3d 872, 875 (Pa. Super. 2012) ("averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question"); **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (appellant "assert[ed] that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has . . . been found to raise a substantial question."); **Commonwealth v. Lawrence**, 960 A.2d 473 (Pa. Super. 2008)

(averment that the court sentenced based solely on seriousness of the offense and failed to consider all relevant factors raises a substantial question).

Having found that Appellant's sentencing challenges merit our discretionary review, we turn to our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

> [A] sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself. The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9721), and prohibiting a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant," 42 Pa.C.S. § 9725.

*Commonwealth v. Luketic*, 162 A.3d 1149, 1160-61 (Pa. Super. 2017) (some internal citations and quotation marks omitted).

Appellant contends that the trial court abused its discretion and "failed to adhere to sentencing requirements" by ignoring the mitigating factors that Appellant: was 55 years old with a prior record score of zero (0); had no history of violence; "was extremely remorseful"; "was so distraught regarding

his behavior that he had attempted suicide twice since the incident"; "voluntarily engaged in sexual offender counseling at the jail" and "positively contributed to the meetings"; "had had no write ups" during "the 244 days he had been at the jail prior to sentencing"; and "had been the victim of sexual abuse himself as a child."  Appellant's Brief at 18-20.  He additionally argues that the trial court, while ignoring these mitigating factors, focused exclusively on the aggravating factors "that the victim's grades had suffered, she was engaging in self harm, and, that she was using illegal drugs since the assault." *Id.* at 20.

Contrary to Appellant's assertion that the trial court disregarded all his mitigating factors, the trial court explicitly stated that it "considered Appellant's zero prior record score and . . . that Appellant was the victim of prior sexual abuse by his biological mother and step-mother."  Trial Court Opinion, dated October 21, 2019, at 4 (citing N.T., 5/14/2019, at 10).  In addition, the trial court recognized Appellant's remorse.  N.T., 5/14/2019, at 10.

Furthermore, the trial court "had the aid of a [PSI] Report[7] . . . in this case, and [it] thoroughly reviewed the same in advance of sentencing."  Trial Court Opinion, dated October 21, 2019, at 4.  "Where pre-sentence reports

---

[7] Although the PSI report was not included in the certified record, it likely would have included Appellant's age and counseling history and discussed his lack of a history of violence or disciplinary charges during his incarceration.

exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

Most significantly, Appellant ignores that there were additional aggravating factors considered by the trial court besides the ones enumerated in his brief, Appellant's Brief at 20, about "the profound effect Appellant's actions have had, and continue to have, upon the victim in this matter" – *i.e.*, "the drug use, the engagement of self-harm, the inability to function in a school setting, and the plummeting of grades[.]" Trial Court Opinion, dated October 21, 2019, at 5 (citing N.T., 5/14/2019, at 7, 10-11). The trial court also considered the additional aggravating factors that Appellant places "the blame on the victim[,]" providing a "disturbing" "justification" for his actions, as well as those found in the SOAB report that Appellant suffers from an "antisocial personality disorder" and "disregard[s] . . . and violat[es] the rights of others." ***Id.*** (citing N.T., 5/14/2019, at 10).

While Appellant is correct that the trial court does not explicitly mention its consideration of Appellant's age, non-violent history, voluntary counseling, and lack of disciplinary action while in jail, "sentences are under no compulsion to employ checklists or system definitions of their punishment procedure." ***Conte***, 198 A.3d at 1177 (citation omitted). Moreover, the trial court broadly

asserted that it "addressed, and considered, each of the mitigating factors he presented[.]" Trial Court Opinion, dated October 21, 2019, at 4.

Ergo, the trial court was fully informed by the PSI report and took into account the general standards for sentencing. ***Conte***, 198 A.3d at 1178; ***Luketic***, 162 A.3d at 1161. Where a "trial court took a reasoned approach and sentenced [a defendant] after taking into account multiple factors," as the trial court did in the current appeal, we "discern no abuse of discretion." ***Conte***, 198 A.3d at 1178. For these reasons, Appellant has failed to demonstrate a manifest abuse of discretion by the trial court, and we therefore will not disturb his sentence on appeal. ***Lekka***, 210 A.3d at 350; ***Conte***, 198 A.3d at 1177-78.

## SORNA

Appellant's remaining appellate claims are all related to SORNA and are identical to those raised in ***Commonwealth v. Torsilieri***, 232 A.3d 567, 585-88 (Pa. 2020), which was decided during the pendency of Appellant's appeal. Appellant's first four SORNA-related challenges claim that SORNA deprives him of procedural due process, because SORNA creates an irrebuttable presumption of recidivism,[8] consequently depriving him of his right to his

---

[8] ***See*** 42 Pa.C.S. § 9799.11(a)(4).

reputation[9] without notice and an opportunity to be heard. Appellant's Brief at 8-9 ¶¶ 2-5 & at 21-47.

In **Torsilieri**, 232 A.3d 567, the Supreme Court of Pennsylvania did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. **See also Commonwealth v. Mickley**, 240 A.3d 957, 962 (Pa. Super. 2020). The Pennsylvania Supreme Court concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **Torsilieri**, 232 A.3d at 585; **see also Mickley**, 240 A.3d at 962. Our Supreme Court continued:

> We recognize that the . . . parties relied upon our recent statement in [**Commonwealth v.**] **Muniz**, [164 A.3d 1189,] 1217 [(Pa. 2017) (plurality)], rejecting . . . expert evidence calling into question the legislature's assessment of sexual offender recidivism risks and the effectiveness of tier-based registration systems. In light of this reliance, we emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. **Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.**
>
> Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence

---

[9] **See** PA. CONST. art. I, §§ 1, 11; **see also In re Fortieth Statewide Investigating Grand Jury**, 190 A.3d 560, 572–73 (Pa. 2018) ("the right of citizens to security in their reputations is . . . a fundamental constitutional entitlement" in Pennsylvania).

undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements. . . . Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the Commonwealth] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of . . . Subchapter H.[10]

*Torsilieri*, 232 A.3d at 595-96 (emphasis added) (internal citation and quotation marks omitted); *see also Mickley*, 240 A.3d at 962-63.

In the current action, no evidence was presented at the hearing on Appellant's post-sentence motion, despite discussion of such evidence existing in the form of scientific studies. N.T., 5/31/2019, at 20-21, 26-27. Thus, in accordance with *Torsilieri*, we are constrained to vacate the order denying Appellant's post-sentence motion and to remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above. [11]

_____

[10] The General Assembly amended SORNA on February 21, 2018, by passing Act 10 of 2018, which was immediately effective. *See* P.L. 27, No. 10, §§ 1-20. "Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. Revised Subchapter H applies to crimes committed on or after December 20, 2012, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012." *Torsilieri*, 232 A.3d at 580.

[11] As we vacate for the above reasons, we need not reach Appellant's additional claims arguing that SORNA is punitive. *See* Appellant's Brief at 9-10 ¶¶ 6-8 & at 47-74. During the pendency of this appeal, the Supreme Court

*   *   *

In conclusion, we vacate the order denying Appellant's post-sentence motion. We remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed herein. We affirm Appellant's judgment of sentence in all other respects.

Order denying post-sentence motion vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/21

---

decided **Commonwealth v. Lacombe**, 234 A.3d 602, 626 (Pa. 2020), holding that "Subchapter I does not constitute criminal punishment[.]"

However, according to the Information, the assault in the current appeal occurred on November 23, 2017. As the crime occurred after December 20, 2012, only Subchapter H applies, not Subchapter I, **see Torsilieri**, 232 A.3d at 580, and **Lacombe** hence is inapplicable to the current matter.

- 15 -