J-S51044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW POORE | : | |
| | : | |
| Appellant | : | No. 732 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0002245-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: JANUARY 5, 2021**

Matthew Poore (Appellant) appeals, *nunc pro tunc*, from the judgment of sentence imposed in the Berks County Court of Common Pleas following his jury conviction on one count of terroristic threats.[1] On appeal, he challenges the discretionary aspects of his sentence. For the reasons below, we affirm.

The facts underlying Appellant's conviction are as follows. On April 18, 2018, Appellant was incarcerated for unrelated offenses at the Berks County Jail. **See** N.T., Jury Trial, 10/23-24/18, at 100. That day, Appellant made a phone call from jail to his brother, Alan Poore (Alan). **See id.** at 107, 109, 130. In this phone call, Appellant told Alan he was "going to fucking kill [their father] when [he got] out of [jail]," because Appellant believed his father was

---

[1] 18 Pa.C.S. § 2706(a)(1).

responsible for his arrest. *Id.* at 133. Appellant also informed Alan he could tell their father "to his face" that he said that and when "[Appellant catches] that faggot he is dead[.]" *Id.* Alan called their father after his telephone conversation with Appellant and informed him of what Appellant told him. *Id.* at 134.

Appellant was charged with one count of terroristic threats. The case proceeded to jury trial on October 23, 2018. Appellant chose to represent himself at trial. The next day, October 24th, the jury returned a verdict of guilty. Appellant, still acting *pro se*, waived a pre-sentence investigation report and the court moved directly to sentencing. N.T. at 242, 248-50. After hearing argument from the Commonwealth and Appellant, the court imposed a split sentence of 12 months to three years' incarceration, followed by two years' probation. *Id.* at 249.

After sentencing, Appellant "orally motion[ed] the court . . . for an appeal" and the appointment of counsel. *See* N.T. at 250. The court agreed to appoint counsel for Appellant for an appeal. *Id*. However, counsel was not appointed and on July 15, 2019, Appellant filed a timely petition for relief pursuant to the Post-Conviction Relief Act (PCRA).[2] The court appointed counsel, who filed an amended petition seeking to reinstate Appellant's post-sentence motion and direct appeal rights. *See* Appellant's Amended Petition

---

[2] 42 Pa.C.S. §§ 9541-9546.

for PCRA, 3/13/20, at 3 (unpaginated).  The court granted relief on March 23, 2020.  Appellant, now represented by counsel, filed a post-sentence motion seeking modification of his sentence, *nunc pro tunc*, on March 30, 2020.  The court denied relief on April 24, 2020, and this timely appeal followed.[3]  The court ordered Appellant to file a Pa.R.A.P. 1925(b) motion, which was timely filed on June 5, 2020.

Appellant raises two issues on appeal:

> I.  Did the trial court abuse its discretion in imposing the sentence of a prison term of not less than 12 months nor more than 3 years and a consecutive sentence of probation for a period of 2 years for the crime of Terroristic Threats (a misdemeanor) by exceeding the sentencing guidelines and not placing adequate reasons on the record for exceeding the guidelines?
>
> II.  Did the trial court abuse its discretion in imposing the sentence of a prison term of not less than 12 months nor more than 3 years and a consecutive sentence of probation for a period of 2 years for the crime of Terroristic Threats (a misdemeanor) by violating 42 Pa.C.S. § 9725 as the total length of the sentence was not necessary to address "the nature and circumstances of the crime" in light of [ ]the history, character, and condition of . . . Appellant and was not consistent the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of . . . Appellant?

Appellant's Brief at 7.

---

[3] Appellant's notice of appeal incorrectly stated the appeal was taken from both the October 24, 2018, judgment of sentence and the April 24, 2020, order denying Appellant's post-sentence motion.  Appellant's Notice of Appeal, 5/15/20.  In a criminal case, the appeal lies from the judgment of sentence, made final by the denial of a timely filed post-sentence motion. ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).  Our Prothonotary has corrected the caption accordingly.

Appellant's claims challenge the discretionary aspects of his sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted).

In the present case, Appellant filed a timely notice of appeal, *nunc pro tunc*, and preserved these two claims in a timely filed post-sentence motion, *nunc pro tunc*. *See* Appellant's Post Sentence Motion to Modify Sentence, 3/26/20, at 2. In addition, he has included in his brief the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 24. Accordingly, we must now consider whether Appellant's claims raise a substantial question. An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Conte*,

- 4 -

198 A.3d 1169, 1174 (Pa. Super. 2018) (citation omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

Here, Appellant avers the trial court abused its discretion when it exceeded the sentencing guidelines without placing adequate reasons on the record. Appellant's Brief at 26. Appellant argues the trial court's comments at sentencing were "scripted" and, thus, not specific. **See id.** Appellant also argues the trial court failed to consider the factors set forth in Sections 9721(b) and 9725 of the Sentencing Code before imposing a sentence of total confinement. Appellant's Brief at 29-30. **See** 42 Pa.C.S. §§ 9721(b) (stating that in imposing sentence, the court should consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"); 9725 (stating a sentence of total confinement is necessary when "(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime; (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or (3) a lesser sentence will depreciate the seriousness of the crime of the defendant").

This Court has stated "claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question." **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super 2014). Additionally, this Court has

stated a claim that "'the trial court failed to consider relevant sentencing criteria . . . as 42 Pa.C.S. [ ] §9721(b) requires[,]' presents a substantial question[.]" *Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (citations omitted). Thus, we proceed to review Appellant's challenges on appeal.

Preliminarily, we note:

Sentencing is the responsibility of the trial court and we will not disturb the sentence unless there is manifest abuse of discretion. To establish a manifest abuse of discretion, the appellant must show a misapplication of the law, or partiality, prejudice, bias, or ill will that led to the unreasonable decision.

*Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019) (citations omitted), *appeal denied*, 228 A.3d 256 (Pa. 2020). Furthermore, before imposing sentence, a trial court must consider the relevant sentencing guideline ranges, as well as "the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted). *See also* 42 Pa.C.S. § 9725(b). Moreover, the sentencing guidelines are advisory. *See Antidormi*, 84 A.3d at 760 (stating the sentencing guidelines are not mandatory and sentencing courts retain broad discretion in sentencing matters) (citations omitted).

Upon our review of the record, we find no basis to conclude the sentence imposed by the trial court constituted an abuse of discretion. First, we note

the sentence imposed by the trial court did not fall outside the guidelines range, but rather, fell within the aggravated range of the appropriate guidelines. The parties agreed Appellant had both a prior record score and an offense gravity score of three. N.T. at 239-40. Therefore, the guidelines called for a standard range sentence of restorative sanctions to **less than 12 months'** incarceration, with an aggravated range sentence of 15 months. **See id.** at 240; 204 Pa. Code § 303.16(a). The court sentenced Appellant to 12 months to three years' imprisonment, followed by a consecutive period of probation of 2 years. Thus, Appellant's **12-month** minimum sentence fell within the aggravated range of the guidelines.

Pursuant to Section 9721(b), when a "court imposes a sentence for a felony or misdemeanor . . . [it] shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). In the instant case, the trial court did indicate on the record its considerations for imposing the present sentence, including consideration of "all of the information provided at [the] sentencing hearing by both the Commonwealth and" Appellant. **See** N.T. at 248-49. We note that in its opinion, the court elaborated that it considered "the nature and circumstances of the crime which took place while [Appellant] was incarcerated in the [jail] as well as the information provided by [Appellant] about his background and potential employment opportunities

available to him." *See* Trial Ct. Op., 7/16/20 at 5 (unpaginated).[4] Appellant contends this language was "scripted" and did not go into "specifics," and thus was not adequate to satisfy the standard set out above. *See* Appellant's Brief at 26. However, Appellant offers no authority to support this claim. While Appellant may not agree with the court's reasoning, we conclude it was sufficient to support the sentence imposed.

Moreover, Appellant fails to acknowledge that he initially asked the trial court to impose "two to four [years] straight out [with] boot camp eligibility," and then "one and a half to three [years with] boot camp eligibility" stating "originally that is what the [C]ommonwealth asked for." N.T. at 245, 247. The court actually imposed a term of "12 months [to] no more than three years" confinement and an additional two year probation period.[5] *Id.* at 249. Thus, Appellant's requested sentence of confinement was **longer** than what the court imposed. Since Appellant received a lesser sentence of confinement than what he requested and the additional probation period is still within the statutory maximum guidelines, we conclude he has failed to establish the trial court abused its discretion.

---

[4] The trial court's opinion is dated July 14, 2020. *See* Trial Ct. Op. at 1. However, it is entered on the trial docket with the filing date of July 16, 2020. For ease of review, we cite this filing with its July 16, 2020, docket-entry date.

[5] This term was within the statutory maximum of five years' imprisonment for a misdemeanor of the first degree. *See* 18 Pa.C.S. § 1104(1).

We also conclude Appellant's second claim fails. Pursuant to Sections 9721 and 9725, a court must consider the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant, as well as the nature and circumstances of the crime and the history, character, and condition of the defendant before imposing a sentence of total confinement. *See* 42 Pa.C.S. §§ 9721(b); 9725. Here, the court did consider the above factors when determining Appellant's sentence. Appellant threatened to kill his father, which demonstrated he was a danger to the community and his intended victim. Appellant's argument that his father was not terrorized is irrelevant. *See Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. 2003) (stating that neither the ability to carry out the threat, nor the belief of the victim that the threat will be carried out, is an element of terroristic threats). The court took into consideration Appellant's rehabilitative needs as well as his history and character when it made him boot camp eligible, as he requested. *See* Trial Ct. Op. at 5. This Court cannot re-weigh sentencing factors when a defendant is unsatisfied with the result given by the trial court. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Lastly, we note Appellant also contests his ineligibility for the Recidivism Risk Reduction Incentive program (RRRI). *See* Appellant's Brief at 31. Because he failed to preserve this issue in either his post-sentence motion, or

Rule 1925(b) statement, it is waived for our review.[6] **See** Pa.R.A.P. 1925(b)(4)(vii); **Caldwell**, 117 A.3d at 768.

Therefore, because Appellant cannot demonstrate his sentence was a result of abuse of discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Murray joins this Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2021

---

[6] In any event, this claim is meritless. Appellant has a previous conviction for a misdemeanor 2 simple assault. An exception for RRRI eligibility exists only for a misdemeanor 3 simple assault conviction. **See** 61 Pa.C.S. § 4503(3). Appellant is not eligible for RRRI. **See id.**