J-S15026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLIESSA A. ARMENTROUT-LOPEZ | : | |
| | : | |
| Appellant | : | No. 2467 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 22, 2021
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0004430-2019

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 13, 2022**

Marliessa A. Armentrout-Lopez (Appellant) appeals from the judgment of sentence imposed after she pled guilty to theft by deception, criminal conspiracy, and computer trespass.[1]  Upon review, we affirm.

In December 2019, the Commonwealth charged Appellant with the above crimes.  Appellant had conspired with her ex-husband, Terry Phillips (Phillips), and Juan Lopez (Lopez), to steal approximately $225,000 from Phillips's 83-year-old father, William Phillips (the Victim).  Appellant and Phillips took the "mentally compromised" Victim to an ice cream parlor, where the Victim signed a power of attorney designating Phillips as his agent.  **See** N.T., 10/22/21, at 10, 85-86; **see also id.** at 69 (trial court confirming

---

[1] 18 Pa.C.S.A. §§ 3922(a)(1), 903(a)(1), 7615(a)(4).

Appellant attempted to conceal the theft by creating a contract stating she would clean the Victim's residence at a rate of $116 per hour).  Appellant used the Victim's money for various personal expenses, including vacations and a lavish wedding.  *See id.* at 10-11, 29, 68, 73; *see also id.* at 62 (prosecutor stating, "all these transfers, all of this money taken, is all tied back to [Appellant's] computer.").  Appellant spent the Victim's life savings in six months.  *Id.* at 26, 85.

Appellant entered an open guilty plea on July 30, 2021.  The trial court held a sentencing hearing on October 22, 2021.  Several witnesses testified, and the court had the benefit of a pre-sentence investigation report (PSI).  *Id.* at 3, 20.  The Victim's other son, Aaron Phillips (Aaron), described the impact of the crimes on the Victim and his family.  *See id.* at 24-30.  Aaron testified that the Victim lost his life savings, personal effects, and ownership of his home.  *Id.* at 25.  Aaron stated the "theft of the money also affected [the Victim's] ability to access the level of care that he needed" at a skilled nursing facility.  *Id.* at 27.

Aaron's wife, Tanya Phillips (Tanya), also testified.  *See id.* at 30-36.  Tanya described the impact of the crimes as "still ongoing, and extend[ing] beyond [the victim], Aaron, and me, to our children, family and friends[.]"  *Id.* at 33.  Tanya testified the crimes caused the Victim such emotional distress that he "became despondent and severely depressed last year, to the point he expressed his eagerness to leave this world[.]"  *Id.* at 35.

Appellant's sister, Charity Armentrout (Armentrout), testified on Appellant's behalf. *See id.* at 36-41. Armentrout stated that Appellant resided with her five children, three of whom had special needs and required Appellant's care. *Id.* at 38-39. Appellant's adult son also gave a statement on Appellant's behalf. *See id.* at 45-56.

In addition, the court heard argument from Appellant's counsel, who requested a county-jail sentence because of Appellant's health concerns (severe obesity and seizure disorder) and lack of prior criminal record. *Id.* at 76-77. Finally, the court considered Appellant's in-court apology. *See id.* at 78-81.

The trial court sentenced Appellant to an aggregate 40 to 80 months in prison.[2] *Id.* at 87. The court ordered Appellant to pay restitution of $225,435.30, jointly and severally with her co-conspirators. *Id.* at 82. The court stated Appellant was eligible under the Recidivism Risk Reduction Incentive Act (RRRI), 61 Pa.C.S.A. §§ 4501–4512. *See* N.T., 10/22/21, at 82, 87.

On October 29, 2021, Appellant timely filed a post-sentence motion for reconsideration of sentence, claiming she was "essentially given an

---

[2] The court sentenced Appellant to 14 to 28 months for theft by deception, a consecutive 14 to 28 months for conspiracy, and a consecutive 12 to 24 months for computer trespass. The court stated the sentences were "all within the guidelines of the top and **standard range**." N.T., 10/22/21, at 87 (emphasis added).

aggravated sentence because the court was personally 'shocked' by the facts of the case." Post-sentence Motion, 10/29/21, at ¶ 3. Appellant asserted the court erred in disregarding her (a) "agreement to plead guilty . . . [and] testify against co-defendant [] Phillips"; (b) "history of physical and mental illness, which rendered [Appellant] particularly susceptible to the manipulations of [] Phillips"; (c) "acceptance of responsibility"; and (d) "crime-free life prior to this incident[.]" *Id.* at ¶ 2; *see also id.* ("the court gave little, if any, consideration to the circumstances, as well as supervisory needs, of [Appellant's] three autistic children, as testified to at sentencing.").

The court denied Appellant's post-sentence motion without a hearing on November 4, 2021. The court reasoned:

> First, this was not an aggravated range sentence. [Appellant] ple[]d guilty to three (3) felonies of the third degree. The sentencing guidelines for these offenses were 6-14 months (+/- 6 months), so the sentence of 40 to 80 months is less than the potential maximum standard range sentence of 42-84 months. **It is also less than an aggravated range sentence [Appellant] could have received of 5 to 10 years**, and less than the potential maximum sentence [Appellant] could have received of **13½ to 40 years**. Furthermore, **the Commonwealth waived the one-year mandatory sentence** for theft by deception for crimes against victims over the age of 60, so [Appellant] could be RRRI eligible and reduce her sentence. (N.T., 10/22/21, pp. 8-9).
>
> Second, as the court said at sentencing, **this is one of the most egregious fact patterns this court has seen in 35 years of practicing law**. [Appellant], primarily to benefit herself and her family, took the life savings of an 83-year-old mentally compromised victim. Even though this was not technically an aggravated range sentence, here are some of the aggravating factors:

- 4 -

1. The age of the victim (83 years old);

2. The compromised mental state of the victim;

3. [Appellant] violated a duty of trust by having [the victim] sign over a Power of Attorney to [Appellant's] ex-husband. *See Commonwealth v. Hardy*, 939 A.2d 974, 975-76 (Pa. Super. 2007);

4. The effect on the victim's family (N.T., 10/22/21, pp. 25-36), who have to care for the victim and who had to go to great lengths to even get housing for him while [Appellant] was taking vacations to places like the Caribbean, financing her wedding, paying for her sister's trip to Disney World, *etc.*;

5. As described by Assistant District Attorney Daniel Yarnall [at sentencing], the vast amount of the money stolen from the victim went to [Appellant]. Mr. Yarnell stated:

> So there's no real mystery in this case as to who spent all the money. It was [Appellant]. Every single transaction either benefitted her directly, her family, or she did it herself. Every transaction on the computer was from their home. Every single Amazon package that was ordered was delivered to their home.

(N.T., 10/22/21, p.11).

6. The court considers as aggravating factors in this case the "brash nature of the crime," *Commonwealth v. Butler*, 512 A.2d 667, 673-74 (Pa. Super. 1986), and the "extreme indifference" to the consequences of [Appellant's] actions. *Commonwealth v. Fullin*, 892 A.2d 843, 849 (Pa. Super. 2006).

Furthermore, the court felt **there was a need to sentence consecutively to address the serious nature of each criminal act by** [**Appellant**]. *See Commonwealth v. Mouzon*, 828 A.2d 1126, 1129-30 (Pa. Super. 2003) ("this Court has expressed concern against running sentences concurrently by way of habit, lest criminals receive 'volume discounts' for their separate criminal acts"); *Commonwealth v. L.N.*, 787 A.2d 1064, 1071 (Pa. Super. 2001), *appeal denied*, 80[0] A.2d 931 (Pa. 2002) ("We recognize the imposition of a consecutive

sentence does not present a substantial question regarding the discretionary aspects of sentencing").

Finally, the fact that in six brief months[, Appellant] managed to steal the lifetime earnings of an 83-year-old man to the tune of $225,445.30 could have justified the court giving [Appellant] a maximum sentence.

Order, 11/4/21, n.1 (emphasis added; some citations and capitalization altered).

This timely appeal followed.[3] Appellant presents the following question for our consideration:

Whether the Sentencing Court abused its discretion in considering only the nature of the crime and its impact on the victim, while failing to consider the [A]ppellant's background and character, or any mitigation, or the rehabilitative needs of [A]ppellant?

Appellant's Brief at 9.

Appellant challenges the discretionary aspects of her sentence, from which there is no absolute right to appeal. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Rather,

[p]rior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 6 -

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (some citations omitted).

Our review discloses Appellant timely filed a notice of appeal and preserved the challenge to her sentence by filing a motion for reconsideration. Appellant also included in her brief a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 14-16. We therefore examine whether she has raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

Appellant argues "the sentencing judge abused his discretion by erroneously ignoring the background and character of Appellant, as well as her rehabilitative needs, focusing solely on the nature of the crime and its impact on the victim[.]" Appellant's Brief at 15 (some capitalization altered); *see also id.* (asserting court disregarded mitigating factors, including Appellant's lack of criminal record; "her severe obesity, seizure disorder, [and] PTSD and Manic Depressive Disorder"; and her status as the care provider to

five children). Appellant presents a substantial question. *See Brown*, 249 A.3d at 770 ("an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question." (citation omitted)); *Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016) (claim that standard range consecutive sentence was excessive and trial court failed to consider rehabilitative needs raises substantial question); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (claim that sentencing court failed to consider rehabilitative needs and the protection of society raises substantial question).

We address Appellant's argument, mindful that

> Appellant must demonstrate the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Solomon*, 247 A.3d at 1168 (citations omitted).

The Pennsylvania Supreme Court has explained the reason for our deferential review as follows:

> **[T]he sentencing court is in the best position** to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and **the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review**. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (emphasis added; citations omitted); *see also Brown*, 249 A.3d at 1217 ("when reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.").

As stated above, the trial court sentenced Appellant with the benefit of a PSI. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009*)* (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). When a PSI exists, we "presume that the sentencing judge **was aware of relevant information regarding the defendant's character** and weighed those considerations **along with mitigating statutory factors**." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (emphasis added; citation omitted).

In addition, the trial court expressed its reasoning on the record, stating:

> I have to follow the general principles. The sentence imposed should call for confinement that's consistent with protection of the public, gravity of the offense, as well as the impact to the life of the victim and the community, and the rehabilitative needs of [Appellant].

* * *

　　　This … [is] a horrible, horrible crime. The aggravating factor here is you have an 83-year-old victim whose life savings were taken away, whose mental facilities were low, and it was accomplished through the means of his son, [Phillips], [and Appellant], who then went on a six-month spending [spree].

* * *

　　　It's rare that cases shock me. This case shocks me. It does.

　　　It's an aggravating factor that – the age of the victim. It's an aggravating factor, the condition of the victim. It's an aggravating factor for Mr. Phillips … that he did it to his father. It's an aggravating factor that they breached a fiduciary trust, had a Power Of Attorney signed.

N.T., 10/22/21, at 84-85; *see also id.* at 87 ("I do think [Appellant] was, in a sense, the brains behind the operation. … It's an outrageous case.").

After careful review, we conclude Appellant's **standard range** sentences were neither excessive nor unreasonable, and discern no abuse of discretion. *See*, *e.g.*, *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code," and holding sentence was not unreasonable where trial court had the benefit of a PSI and imposed a standard range sentence); *Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's standard range sentences were neither unreasonable nor excessive where "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing.").

- 10 -

The record demonstrates the trial court considered the PSI, Appellant's allocution, her character witnesses, and all other evidence (as well as relevant statutory factors, *see* 42 Pa.C.S.A. § 9721(b)), in imposing Appellant's sentence. *See*, *e.g.*, *Hardy*, 939 A.2d at 980 (rejecting defendant's challenge to discretionary aspects of sentence, where defendant stole from a charity and "exploited a high appointment of trust to profit from the misery of our most desperate and the charity of our most generous."). Finally, it was within the trial court's discretion to impose Appellant's sentences consecutively. *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) ("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences" (citation omitted)). An appellant is not entitled to a "volume discount" for multiple crimes. *Brown*, 249 A.3d at 1216. As the trial court did not err, we affirm Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2022

- 11 -