J-S10030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :

           v.                    :
                                    :
                                    :

DUSTIN MICHAEL APPLING        :
                                    :

          Appellant        :    No. 1462 MDA 2020

Appeal from the Judgment of Sentence Entered September 25, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003978-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED JULY 02, 2021**

Dustin Appling appeals from the judgment of sentence entered following his open guilty plea to Third-Degree Murder.[1] Appling contends that the sentencing court abused its discretion in sentencing him to 18 to 40 years in prison. We affirm.

The trial court summarized the facts as follows:

> [Appling] beat to death a homeless man, whom he knew, by kicking and punching him in the head. The most severe injuries to the victim were blunt force head trauma with several hemorrhages around his brain, causing his death. After the beating, [Appling] left him alone to die over the course of a few days from his injuries. The victim, Glen Russell Anders, Sr., was found deceased in an alleyway in the City of Reading, Berks County, Pennsylvania on the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

morning of April 9, 2018. [Appling's] only motive for the beating death of his acquaintance was to rob him.

Trial Court Opinion, filed 12/10/20, at 1.

Following sentencing, Appling challenged his sentence in a post-sentence motion, which the trial court denied. This timely appeal followed. Appling raises one issue for our review:

Did the sentencing court abuse its discretion by imposing a sentence of 18-40 years['] imprisonment for Third Degree Murder — specifically, factually, an assault resulting in an unintended death — where the court did not indicate that it read or considered a presentence investigation report (PSI), and where it moreover failed to consider the many mitigating factors in Appling's case: *inter alia*, his drug-addiction and psychiatric disorders, which are eminently amenable to rehabilitation?

Appling's Br. at 5.

Appling challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Appling's claim, we must determine whether: "(1) his appeal was timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019). ***See also*** Pa.R.A.P. 2119(f) (stating that an appellant who challenges

the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Here, Appling has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Appling has raised a substantial question.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). Appling's Rule 2119(f) statement claims that the sentencing court disregarded his need for rehabilitation and the nature and circumstances of the offense, without express or implicit consideration of the statutory sentencing factors. Appling's Br. at 11. This presents a substantial question. **See Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa.Super. 2012) (finding that appellant raised a substantial question when he argued that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as 42 Pa.C.S.A § 9721(b) requires, and instead focused on the injuries suffered by the complaining victims"). We now proceed to the merits of Appling's arguments.

Appling contends that the court abused its discretion in imposing a sentence of 18 to 40 years' imprisonment when the "true" standard range directed a more appropriate sentence of 16 to 40 years' incarceration. Appling's Br. at 12. Appling argues that the court ignored mitigating factors, such as his abusive childhood, drug addiction, and schizophrenia and bipolar disorder, and instead exclusively considered the severity of the offense. *Id.* at 14-15. According to Appling, the court did not consider his rehabilitative needs and never indicated that it reviewed the presentence investigation ("PSI") report. *Id.* at 16-17.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018), *appeal denied*, 202 A.3d 41 (Pa. 2019) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

"[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion

should not be disturbed." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017) (quoting ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa.Super. 2009)).[2] In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court. ***See Commonwealth v. Peck***, 202 A.3d 739, 747 (Pa.Super. 2019).

Here, at sentencing, the court heard argument from Appling's counsel about Appling's drug addiction, his childhood physical abuse by his parents, his past homelessness, his sister's suicide, and the fact that he was hit by a car at the age of seven. N.T., 9/25/20, at 21-22. The court also heard about Appling's past suicide attempts and mental health illnesses, as well as Appling's young age and extensive criminal record. ***Id.*** at 17, 23, 24-25. The court then heard from Appling and determined that he showed no remorse. Trial Ct. Op. at 3. The court specifically commented on the tragedy of this case, not only to the victim and his family, but to Appling as well. N.T. at 23-24.

Before imposing sentence, the court stated that it considered all of the evidence presented at the sentencing hearing, as well as the evidence presented at the other numerous proceedings in this case that it presided

---

[2] ***See also Moury***, 992 A.2d at 171 (stating "[w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (internal quotation marks and citation omitted).

over. *Id.* at 26. The record also indicates that the court had the benefit of the PSI report. *Id.* at 15-16. Therefore, we presume that the court was aware of all appropriate sentencing factors and considerations, including Appling's character, rehabilitative needs, and mitigating factors, at the time of sentencing. *See Bullock*, 170 A.3d at 1126-1127. Indeed, the arguments of Appling's counsel drew the court's attention to the mitigating factors he now contends the court did not consider. We discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2021