J-S44034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. FLYNN | : | |
| | : | |
| Appellant | : | No. 293 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009050-2018

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                          **FILED MARCH 24, 2025**

Michael J. Flynn ("Flynn") appeals from the judgment of sentence imposed following his jury convictions of unlawful contact with a minor, criminal use of communication facility, criminal solicitation to commit statutory sexual assault,[1] and criminal solicitation to commit involuntary deviate sexual intercourse ("IDSI").[2]  We affirm.

_____

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 7512(a), 902(a), 3122.1.

[2] In the final jury charge at trial, and in its opinion, the trial court referred to the offense of IDSI "with a child over the age of [twelve] and under the age of [sixteen]."  N.T., 7/20/23, at 79; ***see also*** Trial Court Opinion, 6/24/24, at 4.  While the IDSI statute does include subsections for child victims, their sole references to age are to "a complainant who is less than [thirteen] years of age."  18 Pa.C.S.A. § 3123(b), (c).

Meanwhile, we note the post-trial "Trial and Dismissal Form" cites the solicitation to commit IDSI charge with 18 Pa.C.S.A. § 3123(a)(7).  This
*(Footnote Continued Next Page)*

On appeal, the parties do not dispute the underlying facts. The trial court summarized the relevant evidence presented at trial:

. . . Special Agent Daniel Block ("Agent Block") was assigned to the child predator section of the Pennsylvania Attorney General's office[.] As part of his online undercover investigations, Agent Block create[d] covert profiles on Grindr, a social media/phone application "where men are seeking other men for quick hook-ups, or sexual hook-ups." Although the minimum age for users on Grindr was [eighteen] years old, it was well-known that minors used Grindr.

Agent Block created a covert profile on [Grindr, representing that] he was [eighteen] years old[.]

[On] the morning of December 1, 2018, Agent Block received messages to his covert profile from a Grindr account named "I Have Issues" (an account discovered later that day to belong to Flynn). Agent Block responded and began a conversation with "I Have Issues," preserving the messages he received by taking screenshots of his phone.

During the course of the online conversation[, Agent Block stated:] "Oh I'm 14 jus being st8 I'm 5'8 140 [a]nd White." [*sic*] Flynn responded, "Your last message did not come through. I don't want you to repeat it." Agent Block replied, "Wait. Huh? I'm just beingstr8 I'm 14 is all." [*sic*].

Thereafter, Flynn arranged to meet the purported child at a CVS in Northeast Philadelphia at [6:00] p.m. They agreed that Flynn would pay $150 for four hours of "[f]ucking sucking kissing cuddling showering and . . . " at his home. Agent Block responded, "How am I gonna get to ur door. I can't drive for 2 more years."

---

subsection applies when the complainant "is less than [sixteen] years of age[,] the [defendant] is four or more years older[,] and the complainant and [defendant] are not married to each other." 18 Pa.C.S.A. § 3123(a)(7); **see also** Trial Disposition and Dismissal Form, 7/20/23, at 2.

Trial Court Opinion, 6/26/24, at 1-2 (record citations and some brackets omitted and paragraph break added).[3] *Added the FN to end of citation of TCO*

At the scheduled meeting time, Agent Block and other law enforcement officers went to the CVS store. Flynn was present and looked around "as if he were looking for someone, and repeatedly check[ed] his cell phone." *Id*. at 2. "Agent Block received a message from 'I Have Issues' while inside the store[,] indicating that he could not find the purported child. The entire Grindr conversation with 'I Have Issues' then disappeared because Flynn deleted the conversation." *Id*. at 2-3.

The officers stopped Flynn. Flynn agreed to a search of his cell phone, which showed "the Grindr application [was] open, and the 'I Have Issues' Grindr profile was present." *Id*. at 3. However, "all the chats with Agent Bock's cover profile were gone." *Id*. The officers arrested Flynn.

Flynn gave an audio-recorded statement to Agent Block, "acknowledg[ing] he used Grindr on his cell phone that day to try to engage in certain explicit sex acts with a male who indicated he was [fourteen] years old, and, when he could not locate the child at the CVS, he became nervous and deleted his Grindr messages." *Id*. at 3.

---

[3] For ease of review, when quoting the trial court's opinion, we have shortened the trial court's references of "Mr. Flynn" to "Flynn."

The Commonwealth charged Flynn with unlawful contact with a minor, criminal solicitation to commit statutory sexual assault, criminal solicitation to commit IDSI, and criminal use of communication facility.

In July 2019, the Commonwealth filed a motion *in limine* to admit Pa.R.E. 404(b) prior bad acts — namely evidence of Flynn's 1976 conviction for IDSI against a thirteen year-old boy, as well as the facts of that crime as memorialized in his guilty plea proceeding. At this juncture, we note the trial court, *via* four different Judges, addressed this issue repeatedly throughout the pre-trial proceedings. First, in November 2020, the Honorable Jeffrey Minehart heard argument and granted the Commonwealth's Rule 404(b) motion in full.

In May 2021, Flynn filed a motion to reconsider the trial court's ruling. On the day before trial, the Honorable Zachary Shaffer conducted a hearing and denied Flynn's reconsideration motion. However, "the Commonwealth informed both the court and defense counsel it decided not to introduce evidence of Flynn's prior conviction unless [the] defense opened the door to its introduction." Trial Court Opinion, 6/26/24, at 4 (unnecessary capitalization omitted). Flynn did not object. The trial court and the parties then discussed "the boundaries with respect to admission of that evidence." *Id*. at 5. The trial court provided examples of defense testimony or argument that would open the door: statements like, "I've never done anything to

- 4 -

anyone;" "I'm not interested in children;" and "[T]his just [was] fantasy;" as well as any mention of Flynn's intent or "age specific stuff." *Id*. at 5-7.

A jury trial commenced the following day. However, "the Commonwealth unintentionally . . . project[ed] on a video screen" evidence referring to his prior conviction. Trial Court Opinion, 6/26/24, at 7. The trial court granted a mistrial without prejudice to the Commonwealth to retry Flynn.[4]

The charges proceeded to a second jury trial in July 2023. Approximately one week before trial, Flynn filed a motion to relitigate the Rule 404(b) motion. The Honorable Deborah Cianfrani conducted a hearing and denied the motion.

On July 17, 2023, the day before Flynn's retrial, both parties asked the trial court, the Honorable Jennifer Schultz, to address the original November 2020 ruling and the May 2021 pretrial hearing. The trial court advised that it would deem Flynn to have opened the door to the prior bad acts evidence if he: discussed "anything about motive or . . . intent," denied committing the instant act or being "interested in" or "doing things to" children, or claimed he was engaging in a fantasy. Trial Court Opinion, 6/26/24, at 8. Finally, the

---

[4] Subsequently, Flynn filed a motion to dismiss the charges on the grounds of double jeopardy. The trial court denied it, and Flynn filed a notice of appeal to this Court. On August 23, 2022, a panel of this Court denied relief and affirmed the order. *See Commonwealth v. Flynn*, 284 A.3d 940 (Pa. Super. 2022) (unpublished memorandum).

parties agreed that if the defense did open the door, the Commonwealth would present only evidence of Flynn's past conviction, and not its underlying facts.

During opening argument to the jury, Flynn's counsel argued:

. . . Flynn is the same age as my parents. So that is a generation that are not digital natives, right? . . .

I grew up in a house where there was . . . this saying, right, children stay out of grown folks' business. So whenever there would be maybe a party, a phone call, some sort of activity, there was an understanding, and it only needed to be stated one time, that children stayed out of grown folks' business. . . . That is how those generations understood things. It's certainly how . . . Flynn understood things. ***He got on the grown folks' app to have grown folks' conversation with the understanding that children stay out of grown folks' business.***

N.T., 7/18/23, at 56 (emphasis and paragraph break added).

On cross examination of Agent Block, defense counsel asked whether, when the agent posed as a fourteen-year-old boy on the app, Flynn asked him about his parents, his school, any sports he played, his friends, or his sexual experience. ***See id***. at 159-160. Defense counsel also asked Agent Block whether Flynn asked if he had a curfew, liked to play video games, was a virgin, had a boyfriend or girlfriend, or had a Snapchat or Instagram account. ***See id***. at 160-61. Agent Block responded in the negative to each of these questions, which spanned three pages of testimony. Additionally, defense counsel asked Agent Block, "You would agree with me CVS [is not] exactly a place where kids hang out?" ***Id***. at 163. Agent Block responded that in his experience, "kids have met all over the place with those types of people." ***Id***. at 164.

The Commonwealth argued to the trial court that Flynn opened the door to admission of the prior bad acts evidence. The Commonwealth argued that Flynn's opening argument discussed his "expectation" that he was communicating with adults on the Grindr app. N.T., 7/19/23, at 42. Additionally, the Commonwealth claimed that Flynn's line of questioning of Agent Block implied that if Flynn believed he was communicating with a fourteen-year-old boy, he would have asked questions about "a curfew, social media applications, these hip things that [fourteen] year olds do." N.T., 7/19/23, at 46. Defense counsel responded that he did not open the door to the evidence.[5] *Id*. at 57.

_____

[5] On appeal, the Commonwealth avers Flynn has waived any challenge for appeal because he "failed to raise a contemporaneous objection, and indeed told the trial court he had no objection." Commonwealth's Brief at 9. The Commonwealth maintains that when the trial court ruled he had opened the door to the evidence, defense counsel stated, "That's fine." *Id*. at 10 (*quoting* N.T., 7/19/23, at 57).

We disagree with the Commonwealth's characterization of the exchange. When it argued that defense counsel had opened the door to the evidence, defense counsel denied it. Counsel argued that: (1) with respect to the opening argument, "the whole conversation with Agent Block, you know, the [fourteen-year-old did not] come up until much later" [*sic*]; and (2) with respect to the cross-examination of Agent Block, the questions related to his expertise and would have shown "this was not actually a minor that he was speaking to." *Id*. at 57. It was only after the trial court ruled to admit the evidence that defense counsel replied, "That's fine." *Id*.

After review of this exchange in its full and proper context, we disagree with the Commonwealth's claim that Flynn failed to object. ***See Commonwealth v. Leaner***, 202 A.3d 749, 781 (Pa. Super. 2019) (noting that lack of contemporaneous objection to evidentiary ruling results in waiver of issue on appeal).

The trial court agreed with the Commonwealth, and ruled that Flynn opened the door to the admission of the evidence. Accordingly, the Commonwealth read aloud to the jury the following statement, presented as a stipulation between the parties:

> The Commonwealth and the Defense agree to the following facts. The defendant was previously found guilty of the crime of involuntary deviate sexual intercourse with a 13-year-old male child in 1976 in Philadelphia.

N.T., 7/20/23, at 14-15. The trial court instructed the jury, at the time of this reading, as well as in its final jury charge, that the jury must consider the evidence in only a limited way — to show Flynn's intent during the underlying events — and that the jury could not regard the evidence as showing he was a person of bad character or had a criminal tendency, from which it would infer guilt. *See id*. at 13, at 71-72.

Flynn did not testify or present any evidence. The jury found him guilty of all charges.

On December 15, 2023, the trial court imposed an aggregate sentence of twenty-five to fifty years' imprisonment, to be followed by three years' probation. The court also found Flynn was a sexually violent predator under the Pennsylvania Sex Offender Registration and Notification Act.[6]

Flynn filed a timely notice of appeal, as well as a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

_____

[6] 42 Pa.C.S.A. §§ 9799.10-9799.75.

Flynn present one issue for our review: ". . . Did the trial court err in permitting the jury to hear that . . . Flynn, on trial for solicitation to commit [IDSI], had been convicted of the same crime in 1976 where on balance, the evidence was more prejudicial than probative?" Flynn's Brief at 2.

Flynn avers the trial court erred in admitting evidence of his prior conviction of IDSI, because its potential for unfair prejudice outweighed its probative value. We consider the applicable standard of review: "We review a trial court's decision to admit or deny evidence for abuse of discretion or error of law. 'Thus our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.'" *Leaner*, 202 A.3d at 777 (citations omitted).

Pennsylvania Rule of Evidence 404(b)(1) provides: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). "The purpose of this rule is to prevent unfair surprise, and to give

the defendant reasonable time to prepare an objection to, or ready a rebuttal for, such evidence." ***Leaner***, 202 A.3d at 777 (citation omitted).

On appeal, Flynn cites three of the trial court's reasons for admitting the Rule 404(b) evidence and challenges each one, as follows. First, Flynn claims the trial court's reasoning, "that the evidence was offered 'for a legitimate reason, *i.e.*, his intent to commit the crimes charges," merely explained "why the evidence was ***relevant***," and not why it was admissible. ***Id***. at 13 (emphasis added). Flynn further asserts "there was no . . . need for the prior conviction to be admitted" because there was other evidence of his intent: Agent Block's testimony about, as well as screenshots of, their online conversation; as well Flynn's admission to police. ***Id***. Second, Flynn challenges the trial court's observation "that the stipulation was a 'short, two sentence stipulation of fact prepared by the parties.'" ***Id***. at 14. Flynn alleges "[t]his reasoning is simply not relevant to [the] inquiry o whether the trial court properly balanced the factors." ***Id***. Finally, Flynn denies the trial court's reasoning that its limiting instructions cured any prejudice. He contends that the presumption — that a jury will follow a court's instructions — "is not inviolable," and here, "the presumption was overcome by the damning nature of the prior conviction." ***Id***. at 14-15. Flynn posits: "[A]s soon as the jury heard that [he] had been convicted of the same crime, his odds of conviction skyrocketed." ***Id***. at 15.

In its opinion, the trial court extensively discussed the procedural history surrounding the rulings on this Rule 404(b) evidence issue. In particular, the trial court reviewed the parameters, discussed by prior jurists and **accepted by Flynn**, as to what defense statements or argument would open the door to the evidence. The trial court then primarily determined that Flynn, "at [his] own peril, opened the door to admission of" the evidence. Trial Court Opinion, 6/26/24, at 14-15. In support, the court found Flynn's opening argument suggested that he "did not believe he was communicating with a minor when he was messaging with Agent Block." **Id**. at 14. The court also found Flynn's cross-examination of Agent Block "raised the question of whether [he] had the intent to engage in sexual activities with a" fourteen-year-old. **Id**. Both instances, the court found, specifically addressed his "intent to commit the IDSI crime charged, despite receiving detailed guidance from the court that such statements would open the door to admission of [his] prior conviction." **Id**. The court thus concluded admission of the evidence was proper.

Additionally, the trial court found the probative value of the Rule 404(b) evidence outweighed any unfair prejudicial effect. The court considered that all of the prosecution's evidence is intended to "prejudice" the jury, and Rule 404 provides that prior bad acts evidence is admissible only if its probative value outweighs its potential for **unfair** prejudice. **Id**. at 15. The court also noted that it twice provided appropriate limiting instructions to the jury. Finally, the trial court reasoned that any error was harmless, as the potential

prejudice was *de minimis*, where the jury heard only that Flynn had a prior conviction, but "did not hear any salacious information about the underlying facts of that conviction." *Id*. at 17-18.

After careful review of Flynn's brief, we emphasize that he does not present any challenge to the trial court's finding that he himself opened the door to the admission of the Rule 404(b) evidence. Flynn discusses, as did the trial court, the multiple pre-trial discussions about the Commonwealth's agreement to not introduce the evidence unless the defense opened the door. *See* Flynn's Brief at 5. He acknowledges that at trial: the Commonwealth moved to admit the evidence because his opening argument and cross-examination of Agent Block opened the door; and the trial court agreed. *See id*. at 6. However, Flynn presents no argument, factual or legal, contesting the trial court's finding that he opened the door to the evidence.

We note Flynn's court-ordered Rule 1925(b) statement did raise a challenge to the trial court's ruling:

> The court erred in ***finding that the defense opened the door*** for the introduction of [Flynn's] 1976 conviction to demonstrate [Flynn's] intent to commit the crimes based upon the defense's opening statement and cross examination of Agent Block.

Supplemental Statement of Errors Complained of on Appeal, 3/14/24, at 2 (emphasis added). However, he has abandoned this claim on appeal. In the absence of any claim that the trial court's evidentiary ruling was an error or abuse of discretion, we decline to disturb it. On this basis alone, we may affirm the judgment of sentence.

Additionally, however, we agree with the trial court that its limiting instructions to the jury cured any potential for prejudice. The court specifically instructed the jury, at the time of the reading of the stipulation as well as in the final charge, that the Commonwealth's limited purpose for introducing the evidence was to show Flynn's intent at the time of the underlying incident, and the jury could not consider it as evidence of his bad character or criminal tendencies. *See* N.T., 7/20/23, at 13, 71-72. "The law presumes the jury will follow the instructions of the court." *Commonwealth v. Conte*, 198 A.3d 1169, 1178 (Pa. Super. 2018). Flynn's unsubstantiated argument to the contrary does not merit relief.

Finally, we agree with the trial court that even if its evidentiary ruling were in error, the error was harmless. This Court has explained:

> In the event of an erroneous admission of evidence, a verdict can still be sustained if the error was harmless. An error is harmless if it could not have contributed to the verdict, or stated conversely, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction. [Our Supreme Court has] found harmless error where:
>
> (1) the error did not prejudice the defendant or the prejudice was *de minimis*;
>
> (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or
>
> (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

> The Commonwealth has the burden of proving harmless error beyond a reasonable doubt.

*Commonwealth v. Yocolano*, 169 A.3d 47, 53 (Pa. Super. 2017) (citation omitted).

The trial court summarized the Commonwealth's remaining, properly presented evidence against Flynn: (1) Agent Block's testimony about his online communications with Flynn; (2) seventeen pages of screenshots Agent Block preserved from the day he communicated with Flynn; (3) Agent Block's messages telling Flynn that he was fourteen years old, and Flynn's response to him not "to repeat it;" (4) Flynn's message to Agent Block, while inside the CVS store, that he could not find the purported child; (5) the officers' discovery of the account, "I Have Issues," on the open Grindr app on Flynn's phone; and (6) Flynn's audio-recorded confession to the police, that "he used Grindr on his cell phone that day to try to engage in certain explicit sex acts with a male who indicated he was [fourteen] years old." Trial Court Opinion, 6/26/24, at 2-3. We agree with the trial court that the above "properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that [any] error could not have contributed to the verdict." *Yocolano*, 169 A.3d at 53. Furthermore, as the trial court aptly pointed out, "[a]ll of the prosecution's evidence is intended to prejudice the defense." *Commonwealth v. Giles*, 456 A.2d 1356, 1359 (Pa. 1983) (citation omitted); *see also* Trial Court Opinion, 6/26/24, at 15.

- 14 -

For all the foregoing reasons, we determine no relief is due on Flynn's evidentiary issue. We thus affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025